CLD-090                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3397
_____

YOUNES KABBAJ,
                              Appellant

v.

AMERICAN SCHOOL OF TANGIER, A Delaware corporation;
BOARD OF TRUSTEES FOR THE AMERICAN SCHOOL OF TANGIER;
STEPHEN E. EASTMAN, Chairman of the Board;
EDWARD M. GABRIEL; MARK SIMPSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-00431)
District Judge: Honorable Mark A. Kearney
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B), or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 5, 2017

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 20, 2017)
_____

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Younes Kabbaj appeals from several orders of the United States District Court for the District of Delaware. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's orders. Third Circuit LAR 27.4 and I.O.P. 10.6.

This case has a long and complicated history, of which the parties are well aware. Pertinent to the appeal here, the District Court entered an order in April 2012, which, pursuant to the parties' written settlement agreement, provided in part that before Kabbaj could bring a civil action against any of the defined "Releasees" of the agreement he would have to get written permission from a judge of the District Court. Dkt. #54 (the "Consent Order").[1] In March 2015, Kabbaj sought permission to file two complaints: one against the American School of Tangiers, its Board of Trustees, Edward M. Gabriel, and Stephen E. Eastman (the "AST Defendants"); the other against Mark Simpson and Brian Albo. The filing also included a request that the District Court revoke the Consent Order. Dkt. #103. The AST Defendants filed a response in opposition to his motion (and a motion for sanctions),[2] and Kabbaj filed a reply. A few months later, Kabbaj filed two

_____

[1] The District Court had authority here to enforce the terms of the settlement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (setting forth requirements to ensure continuing jurisdiction of a district court to enforce parties' settlement agreement).

[2] Kabbaj has not appealed the order granting in part and denying in part the Defendants' motion for sanctions. See Dkt. #137.

rambling motions to stay a decision on his request that the District Court review and/or revoke the April 2012 Consent Order. Kabbaj alleged that a stay was necessary pending resolution of his filings in the United States Supreme Court. Dkt. ##121, 122.[3] A few months after that, Kabbaj filed a "motion for change of venue," asking that all of his civil and criminal matters be transferred to the United States District Court in Baltimore, Maryland. Dkt. #123. The District Court ruled on the aforementioned motions in three orders entered on August 3, 2016. Dkt. ##138, 139, 140. Kabbaj filed a notice of appeal challenging those three orders. Dkt. #142.

This appeal was listed by the Clerk for possible dismissal due to a jurisdictional defect.[4] The District Court's order docketed at #140 denied Kabbaj permission to file his proposed complaint against the AST Defendants; it was thus final to the extent of that denial. But the order also denied permission to file the proposed complaint against Simpson and Albo *without prejudice* to Kabbaj filing a certification with an attached proposed complaint, no later than August 16, 2016. At the time Kabbaj filed his notice of appeal, the time to comply with the order had not yet run. And the order docketed at #139, denying Kabbaj's motion for a stay, was also denied *without prejudice* to Kabbaj establishing that the United States Supreme Court had granted his petition for a writ of

---

[3] The two documents are identical, except that Dkt. #122 has an additional handwritten paragraph at the end.

[4] We only have jurisdiction to review final orders of the District Court. 28 U.S.C. § 1291.

certiorari. However, as explained below, all aspects of each of the orders have since become appealable.

A decision is final if it ends litigation on the merits and leaves nothing for the Court to do but execute the judgment. Republic Nat. Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948); see also In re Grand Jury, 705 F.3d 133, 142 (3d Cir. 2012) (en banc) ("Ordinarily, a final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, there will be nothing further for the district court to do."). If an order dismisses a complaint without prejudice, we do not have jurisdiction to review it if the deficiency in the complaint can be cured by the plaintiff, unless the plaintiff declares his intention to stand on his complaint. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). And under Cape May Greene v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983), and its progeny, a premature notice of appeal may ripen "from a decision that is not immediately appealable but that becomes appealable before we take action on the appeal." Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 96 (3d Cir. 2016).

Applying these precepts, we find that we have jurisdiction to review the orders at issue here. As to the order at Dkt. #140, Kabbaj filed his notice of appeal before the District Court's deadline to file a certification regarding the complaint against Simpson and Albo. While Kabbaj later filed a certification before the deadline, the certification essentially indicated his intent to stand on his previously filed proposed complaint against Simpson and Albo—Kabbaj noted that he had already filed the proposed complaint in the

4

United States District Court for the Southern District of New York ("S.D.N.Y.").[5] And to the extent that his intent to stand on his proposed complaint was ambiguous, the order at Dkt. #140 in any event has become appealable due to subsequent events: first, Simpson informed the District Court, see Dkt. #144, that the S.D.N.Y. had dismissed Kabbaj's complaint as frivolous; and the District Court stated in a subsequent order that "there is no further litigation [in the District Court] because Plaintiff failed to comply with the certification and complaint protocols in our August 3, 2016 Order," see Dkt. #147. We thus have jurisdiction to review the order docketed at #140. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 & n.5 (3d Cir. 1992) (order dismissing complaint with leave to amend may ripen under Cape May Greene doctrine).

We apply plenary review to a district court's order enforcing a settlement agreement to the extent the order involves legal conclusions, and review for clear error to the extent factual findings are involved. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). The District Court denied Kabbaj's proposed complaint against the AST Defendants because it "contain[ed] no allegations pertaining to any wrongdoing by the AST Defendants." We agree. While the proposed complaint stated repeatedly that all of the AST Defendants breached the terms of the settlement agreement, the specific allegations of wrongdoing involved only Simpson and Albo. We thus will affirm that aspect of the District Court's order. As for the District Court's dismissal of the proposed

_____

[5] The proposed complaint filed in the District Court at Dkt. #103-2 is identical to a complaint at docket #6 in Kabbaj v. Simpson, et al., No. 1:15-cv-00886-RJS, S.D.N.Y.

complaint against Simpson and Albo, that aspect of the order is now moot. See Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (case becomes moot if it is impossible for court to grant any effectual relief to prevailing party). As noted, Kabbaj filed a complaint identical to the proposed complaint at Dkt. #103-2 in the S.D.N.Y. case, and it has been dismissed as frivolous. We lack jurisdiction to review the S.D.N.Y. order.[6]

Although the District Court denied Kabbaj's motion for a stay without prejudice, Dkt. #139, the deadline has passed for Kabbaj to provide information establishing that he had matters pending in the United States Supreme Court. Thus, that order has also become appealable. See Batoff, 977 F.2d at 851 & n.5. We will affirm that order, as the District Court clearly did not abuse its discretion in requiring Kabbaj to show that he actually had matters pending in the Supreme Court before it would consider whether it was necessary to stay the proceedings before it. See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (district courts generally accorded great deference in matters of case management). And we also find no abuse of discretion in the Court's order denying Kabbaj's motion for a change of venue.[7] See Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc., 626 F.3d 973, 977 (7th Cir.2010); United States v. Inigo, 925 F.2d 641, 654 (3d Cir. 1991).

---

[6] It does not appear that Kabbaj has filed a notice of appeal to the United States Court of Appeals for the Second Circuit.

[7] We need not consider whether the order denying the motion for a change of venue was final at the time of the appeal, despite pending matters in the District Court. As explained above, the District Court later determined that no matters were still pending, see Dkt. #147; thus, the order denying a change in venue became appealable at the latest when the District Court entered the order at Dkt. #147.

6

For the foregoing reasons, we will affirm the District Court's orders.