

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# Greenwich Ins Co v. Goff Grp Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Greenwich Ins Co v. Goff Grp Inc" (2005). *2005 Decisions.* Paper 94.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/94

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3096

_____

GREENWICH INSURANCE COMPANY;
XL SPECIALITY INSURANCE COMPANY

v.

GOFF GROUP, INC.,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-02441)
District Judge: Honorable Edmund V. Ludwig

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 23, 2005

Before: ROTH, MCKEE and FISHER, Circuit Judges

(Opinion filed: December 19, 2005)

_____

O P I N I O N

_____

**ROTH**, Circuit Judge

This is an appeal from the District Court's order denying relief pursuant to Fed. R.

Civ. P. 60(b). For the reasons stated below, we will affirm the decision of the District Court.

## I.	Factual Background and Procedural History

As the situation is well known to the parties, we give only an abbreviated description of the facts and procedural posture of the case.

Appellant, Goff Group, Inc., (Goff) agreed to manage the underwriting of workers' compensation and employers' liability insurance for appellees, Greenwich Insurance Company and XL Specialty Insurance Company (together XL). In this capacity, Goff was responsible for collecting and holding premiums in a segregated trust pending remittance. A dispute arose regarding Goff's treatment of these funds.

On August 7, 2002, XL commenced arbitration proceedings against Goff under the terms of their Program Manager's Agreement. The next day, Goff successfully brought suit in Alabama state court for a temporary restraining order after XL suspended Goff's underwriting authority. The suit was removed to the United States District Court for the Middle District of Alabama which granted XL's subsequent motion to compel arbitration and dissolve the state court's injunction. An arbitration panel was convened in the spring of 2003.

While arbitration was pending in Philadelphia[1] under the terms of the Program Manager's Agreement, XL commenced a proceeding before the United States District

_____

[1]The Panel sat in New York at the request of the arbitrators but was deemed to be in Philadelphia as required by the Program Manager's Agreement.

Court for the Eastern District of Pennsylvania seeking ancillary relief regarding Goff's handling of the funds pending arbitration. On April 28, 2003, the District Court granted the relief sought by XL and retained jurisdiction over the matter. In an order dated October 3, 2003, the District Court placed the proceedings in suspense pending arbitration.

Goff sought a stay of arbitration before the arbitration panel, before an Alabama state court, and before the District Court in the Middle District of Alabama, all of which were denied. On March 10, 2004, the arbitration panel directed Goff to pay XL $4,332,382.00 in damages. XL filed a motion before the District Court in the Eastern District of Pennsylvania to confirm the arbitration award pursuant to the Program Manager's Agreement which specifically provided for confirmation in the Eastern District of Pennsylvania. The motion was served by overnight delivery to Goff's counsel of record, John Fabiani. Goff declined to submit any opposition to the motion. Rather, Goff filed a motion to vacate the award in the District Court in the Middle District of Alabama.

On April 23, 2004, the District Court in the Eastern District of Pennsylvania issued a confirmation order and judgment. On May 3, 2004, Goff moved to vacate the confirmation award pursuant to Fed. R. Civ. P. 60(b)(6). On July 9, 2004, the District Court denied Goff's motion and this appeal followed.

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have

3

appellate jurisdiction under 28 U.S.C. § 1291.

We review motions for relief pursuant to Fed. R. Civ. P. 60(b) for an abuse of discretion. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). An abuse of discretion my be found when the lower court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Reform Party of Allegheny County v. Allegheny County Dept. of Elections., 174 F.3d 305, 311 (3d Cir. 1999) (quoting International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987)).

## III.    Discussion

Relief from a judgement, such as a confirmation order, may be granted pursuant to Rule 60(b)(6) for "any ... reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Such relief can only be granted under extraordinary circumstances, where an extreme and unexpected hardship would otherwise occur. Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). Also, Rule 60(b)(6) does not provide relief for "calculated and deliberate" litigation choices which, in hindsight, were erroneous. Ackermann v. United States, 340 U.S. 193, 198 (1950).

Goff offers two purported extraordinary circumstances justifying relief under Rule 60(b)(6). First, Goff contends that it was not properly served the motion to confirm under the Federal Arbitration Act (FAA). Specifically, Goff argues that as a non-resident of the state where the arbitration occurred, service was invalid because it was not executed by a United States Marshal. See 9 U.S.C. § 9 ("If the adverse party shall be a nonresident,

4

then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court."). In this case, Goff was served by delivery of the motion to its counsel of record, John Fabiani, via Federal Express. See generally Fed. R. Civ. P. 5(b)(1) ("[s]ervice ... on a party represented by an attorney is made on the attorney unless the court orders service on the party.").

Service by mail on Goff's attorney was proper. Service of a motion to confirm the arbitration award by a U.S. Marshal is unnecessary where a party is already before the court. Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707 (2d Cir. 1985); see also Fed R. Civ. P. 5(a) (distinguishing between the complaint and subsequent pleadings). Since Goff was before the District Court in the Eastern District of Pennsylvania and that court had explicitly maintained jurisdiction in the matter after granting XL ancillary relief and staying its proceedings, service by mail on Goff's attorney of record was permissible under Fed. R. Civ. P. 5(b)(1) & (b)(2)(B).

Second, Goff argues that it was "fundamentally unfair" for the District Court in Pennsylvania to grant the motion to confirm without considering the later-filed motion to vacate the award pending before the District Court in the Middle District of Alabama. Goff fails to cite any authority for the proposition that a later-filed motion to vacate in one court divests another district court of jurisdiction to hear a motion to confirm. Thus, the District Court was correct when it noted that the "pendency of a later-filed motion to vacate the arbitration award in the Alabama District Court did not divest this court of

5

jurisdiction over the motion to confirm." District Court Order (July 9, 2004).

Moreover, the FAA authorizes district courts to confirm arbitration awards when the parties agreed to have the arbitration award entered as a judgment by the court. Isidor Paiewonsky Assoc., Inc. v. Sharp Prop. Inc., 998 F.2d 145, 154 n. 11 (3d Cir. 1993); 9 U.S.C. § 9. Here, the parties agreed to confirmation in the Eastern District of Pennsylvania. Therefore, the District Court's exercise of jurisdiction was proper.

Finally, none of the alleged prejudices suffered by Goff rise to the level of "extraordinary circumstances." For example, Goff does not dispute that it received notice of the motion to confirm, only that service was improper. Goff's decision not to challenge the motion to confirm in the Eastern District of Pennsylvania was a calculated litigation maneuver which is not entitled to reversal via the mechanism of Rule 60(b)(6). Ackermann, 340 U.S. at 198.

## IV. Conclusion

For the reasons explained above, the District Court's order denying relief pursuant to Fed. R. Civ. P. 60(b) is affirmed.