**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1829
_____

TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC

v.

PERMANENT EASEMENT FOR 2.59 ACRES,
TEMPORARY EASEMENTS FOR 5.45 ACRES AND
TEMPORARY ACCESS EASEMENT FOR 2.12 ACRES
IN PINE GROVE TOWNSHIP, SCHUYLKILL COUNTY, PA,
TAX PARCEL NUMBER 21-04-0016.000, 361 CHAPEL DRIVE,
PINE GROVE, PINE GROVE TOWNSHIP, SCHUYLKILL COUNTY, PA;
RYAN J. REGEC

Ryan J. Regec,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-00289)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2017

Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: September 12, 2017)
_____

OPINION<sup>*</sup>

_____

PER CURIAM

Ryan J. Regec appeals the District Court's order granting Appellee

Transcontinental Gas Pipe Line Company's motion for partial summary judgment and

request for a preliminary injunction. For the reasons below, we will affirm the District

Court's order as to the preliminary injunction.

The procedural and factual history of this case are well known to the parties, set

forth in the District Court's opinion, and need not be discussed at length. Briefly, in

February 2017, the Federal Energy Regulatory Commission (FERC) granted Appellee a

certificate of public convenience and necessity (certificate), authorizing it to construct a

natural gas pipeline. In order to build the pipeline, Appellee requires rights of way on a

piece of property Regec owns. The certificate was issued after a lengthy administrative

review process which included notice to property owners affected and an opportunity to

respond. Regec did not participate in the administrative proceedings.

After Regec and Appellee could not agree on the compensation to be paid for the

needed property interests, Appellee filed a complaint in condemnation for temporary and

permanent easements against Regec and his land. Appellee moved for partial summary

judgment, seeking condemnation of the rights of way and leaving the issue of just

_____

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

compensation for later litigation.  It also filed a motion for a preliminary injunction for immediate possession of the rights of way.  After a hearing at which Regec was represented by counsel, the District Court granted both motions, giving Appellee possession of the rights of way at issue.  Regec filed a pro se notice of appeal.

The District Court had jurisdiction pursuant to 15 U.S.C. § 717f(h), which provides for jurisdiction in the District Court for eminent domain actions under the Natural Gas Act.  We have jurisdiction over the grant of the preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1).  The grant of partial summary judgment, however, is not before us as the order did not end the litigation as to all claims and all parties.  See Andrews v. United States, 373 U.S. 334, 340 (1963).  Nor was the order certified by the District Court pursuant to Fed. R. Civ. P. 54(b), which provides that the District Court may direct entry of judgment as to fewer than all claims if it "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).[1]

We review the denial of a motion for a preliminary injunction for an abuse of discretion but review the District Court's underlying legal conclusions de novo.  Brown

---

[1] By its citation of Operating Sys. Support, Inc. v. Wang Labs., Inc., 52 F. App'x 160, 164-65 (3d Cir. 2002), Appellee appears to argue that we should assert pendent appellate jurisdiction over the District Court's grant of partial summary judgment.  "Pendent appellate jurisdiction exists where an appealable issue is so inextricably intertwined with a nonappealable issue that one cannot resolve the former without addressing the latter." Griswold v. Coventry First LLC, 762 F.3d 264, 269 (3d Cir. 2014).  The doctrine of pendent appellate jurisdiction is narrow and should be used sparingly.  See id.  We decline to assert pendent appellate jurisdiction to review the District Court's ruling on the merits here.  If he chooses, Regec may appeal the grant of partial summary judgment when the District Court issues its final order resolving all claims.

v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).  To obtain injunctive relief, a party must show a likelihood of success on the merits, irreparable harm if the injunction is not granted, that relief will not cause greater harm to the nonmoving party, and that relief is in the public interest.  Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010).

Likelihood of success on the merits

In order to bring suit in federal court under the Natural Gas Act, the plaintiff must have been granted a certificate by the FERC, it must have been unable to acquire the rights of way by a contract with the property owner, and the value of the property interest as claimed by the owner must be more than $3000.  15 U.S.C. § 717f(h).  Regec does not dispute any of these elements.  The Act provides that if the holder of a certificate is unable to acquire the needed rights of ways by contract with the landowner, it may automatically acquire the rights of way through eminent domain in a United States District Court.  See 15 U.S.C. § 717f(h); Columbia Gas Transmission, LLC v. 1.01 Acres, 768 F.3d 300, 304 (3d Cir. 2014).  The only remaining issue to be decided by the District Court is the compensation the landowner receives in return for the condemnation.  Columbia Gas Transmission, LLC, 768 F.3d at 304.  As Appellee fulfilled the requirements under § 717f(h) for taking the property interests by eminent domain, it has demonstrated a likelihood of success on the merits of its condemnation claim.

While Regec claims that several statutes and rules relied on by the District Court violated the United States and Pennsylvania constitutions, the argument underlying these claims is that the condemnation of his property interests violated his constitutional right

4

to due process. However, Regec received notice that Appellee was seeking a certificate that included necessary rights of way on his property. He had the opportunity to comment on and intervene in the administrative process before the FERC. He did not do so. Because he received notice and the opportunity to respond in the FERC proceedings and will have the opportunity to litigate just compensation in the District Court, Regec has received the process he was due. See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985) ("The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a 'reasonable, certain and adequate provision for obtaining compensation' exist at the time of the taking.") (internal citation omitted); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (fundamental requirements of due process are notice and opportunity to be heard); Elterich v. City of Sea Isle City, 477 F.2d 289, 290 (3d Cir. 1973) (exercise of eminent domain power does not violate due process). Regec's arguments do not undermine Appellee's likelihood of success on the merits.

Regec argues that Appellee's taking of his property goes beyond the reach of the FERC certificate because the permanent right of way for the pipeline will cut off his access to part of the property not covered by the certificate. Regec also claims that the taking of the property constitutes an unreasonable seizure in violation of the Fourth Amendment because he will be unable to access the property. However, as noted by the

5

District Court, the impact of the taking on the rest of his property is an issue for the determination of just compensation. Moreover, we note that Appellee explained at the hearing in the District Court the measures it takes to assure that a landowner has access to his property during construction. Tr. 3/23/17 at 25-26.

Because Appellee demonstrated success on the merits of its condemnation claim, this factor weighed heavily in favor of the injunction. See also In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (when considering motions to stay, the most important factor is whether the petitioner has made a strong showing of the likelihood of success on the merits).

Irreparable Harm

To support its need for immediate possession of the rights of way, Appellee set forth in the District Court the significant monetary and contractual harms it would suffer if the extensive, complicated construction of the pipeline were to be delayed.[2] Regec complains that he was not given discovery to determine the veracity of testimony given by Appellee's witnesses at the hearing. However, he does not point to any statements that he believes were inaccurate. He also contends that the injunction is premature as Appellee needs to complete several field surveys and conditions before construction begins. But Appellee requires the right to access the property at issue in order to

---

[2] Appellee asserted that unless it was given immediate possession, it would lose $500,000 per month, and revenues of $33 million per month would be delayed. Delay in possession would also cause Appellee to breach contracts with subcontractors and vendors. Appellee's brief at 29.

6

complete those field surveys. While generally a harm that can be remedied by monetary relief is not considered irreparable, a financial loss may be irreparable if the expenditures cannot be recouped. See Philip Morris USA Inc. v. Scott, 131 S. Ct. 1, 4 (2010) (Scalia, J.) (in chambers). We believe such is the case here. The monetary harm the Appellee would have suffered if immediate possession had not been allowed weighed in favor of the injunction.

### Harm to nonmoving party

Regec argues several sources of harm to him from the injunction: (1) he will be subject to liability if a pipeline worker is hurt on his property; (2) there will be a loss of timber during the construction; and (3) he will lose the ability to develop his property. However, as noted above, the impact of the condemnation on his property's value can be addressed during the just compensation determination. Further, Regec does not explain why he would be held legally liable for an injury during construction by Appellee. And while he claims that the District Court's decision has "stigmatized" him, he does not describe how it has hurt his reputation. And even if we were to consider the harm to Regec as weighing against the injunction, it would not counterbalance the likelihood of success and irreparable harm factors which weigh strongly in favor of the injunction.

### Public Interest

As noted by the District Court, the public interest factor weighed in favor of granting the injunction because the pipeline will give the public access to the natural gas carried by the pipeline. Regec argues that a "public need" satisfying the "public use" has

not been pleaded to support the injunction. However, in its brief in support of its motion for the injunction, Appellee clearly set forth the public need for the pipeline.

Conclusion

The District Court did not err legally or abuse its discretion in its weighing of the relevant factors or in issuing the preliminary injunction. For the reasons above and those set forth by the District Court, we will affirm the District Court's order concerning the preliminary injunction.