DLD-122                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1186
_____

In re:  RYAN J. REGEC,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D.Pa. No. 4-17-cv-00289)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 7, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: February 15, 2018)
_____

OPINION*
_____

PER CURIAM

Ryan Regec has filed a petition for a writ of mandamus related to eminent domain

proceedings in the District Court under the Natural Gas Act. Regec is the owner of land

over which Transcontinental Gas Pipe Line Company, LLC ("Transco") obtained an

easement in order to construct a FERC-approved natural gas pipeline. The District Court

authorized the easement in an order granting Transco's motions for injunctive relief and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

partial summary judgment. We affirmed that order insofar as it granted injunctive relief.[1]

The District Court litigation is ongoing because the issue of just compensation to Regec for the land-taking is unresolved ("the compensation phase").[2]

Regec was represented by counsel until shortly after the District Court entered its order granting injunctive relief and partial summary judgment. Since then he has been proceeding pro se. That change in representational status was followed by a flurry of motions and other filings by Regec, including two documents titled "Constructive Notice and Challenge to Authority." One, dated January 5, 2018, is addressed to the District Judge and appears to seek production of documents establishing the validity of his appointment as an Article III judge. The other, dated January 11, 2018, is addressed to counsel for Transco and appears to seek production of documents establishing, among other things, that those attorneys are licensed to practice law and have been hired by Transco to litigate in this case.[3] Neither filing has been acted on by the District Court. For that reason, it appears that Regec seeks a writ of mandamus requiring such action.

---

[1] We declined to assume pendent appellate jurisdiction over the District Court's order insofar as it granted partial summary judgment.

[2] The District Court entered an order scheduling an initial case-management conference relative to the compensation phase. Regec appealed that order. <u>See</u> CA No. 17-3521. We do not address that appeal at this time.

[3] Although the parties presumably are engaged in the discovery process for the compensation phase, the two "Constructive Notice and Challenge to Authority" filings do not appear to be attempts by Regec to propound discovery requests under the Federal Rules of Civil Procedure.

Upon consideration of Regec's mandamus petition, we conclude that it must be denied. Mandamus is a drastic remedy available only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain that remedy, Regec would have to satisfy three preliminary requirements: (1) he has no other adequate means to get the relief he seeks; (2) his right to relief is clear and immune from dispute; and (3) mandamus relief is appropriate under the circumstances of his case. See generally Hollingsworth v. Perry, 558 U.S. 183 (2010) (per curiam). None of these requirements is satisfied here.

First, Regec fails to show that mandamus is his only available option. Indeed, he has not given the District Court sufficient time to address the documents he titled "Constructive Notice and Challenge to Authority," particularly given the sheer number of filings he has put before the District Court in recent months. A writ of mandamus may be warranted where delay by the District Court in adjudicating an application for relief is so protracted as to amount to a failure to exercise jurisdiction, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but no such delay exists at this time. Cf. id. (8 months of inaction on motion insufficient to compel mandamus relief). If the District Court enters an order with which Regec disagrees, his remedy is an appeal to this Court (after the proceedings below have concluded or, in certain limited circumstances, immediately); mandamus may not be used as a substitute. See Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991). We are confident that Regec is aware of the appeal mechanism based on the posture of the underlying case.

Regec also fails to show that his right to relief is clear and undisputable. Regec references the federal Freedom of Information Act, 5 U.S.C. § 552, and its Pennsylvania counterpart, the Right-to-Know Law, 65 Pa. Const. Stat. §§ 67.101, et seq., as the statutory bases for his applications. But he has demonstrated neither the applicability of these statutes, see, e.g., 5 U.S.C. § 551(1)(B) (excluding from the definition of "agency"—i.e., from the proper target of a FOIA request—"the courts of the United States"); 65 Pa. Const. Stat. § 67.102 (defining "agency"—i.e., the proper target of a Right-to-Know Law request—to include only Commonwealth government entities), nor compliance with any of their procedures.

Finally, mandamus relief is also inappropriate to the extent Regec seeks an order requiring production of publicly available information, information that is accessible with minimal effort. For example, information about the District Judge's appointment and confirmation, and information about that process generally, is available to Regec on the Internet at, among other websites, www.uscourts.gov. As another example, we note that the roll of attorneys licensed to practice in Pennsylvania (and their bar statuses) is available to Regec through the website maintained by the Disciplinary Board of the Supreme Court of Pennsylvania. Furthermore, insofar as Regec seeks the factual and legal bases for the District Court's ruling on Transco's application for an easement and other relief, he need only review the record below.

For all of these reasons, independently but collectively to be sure, Regec's mandamus petition will be denied.