**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2738 & 19-3412
_____

TRANSCONTINENTAL GAS PIPE LINE CO LLC

v.

PERMANENT EASEMENT FOR 2.59 ACRES, TEMPORARY EASEMENTS
FOR 5.45 ACRES AND TEMPORARY ACCESS EASEMENT FOR 2.12 ACRES
IN PINE GROVE TOWNSHIP, SCHUYLKILL COUNTY, PA, TAX PARCEL
NUMBER 21-04-0016.000 361, CHAPEL DRIVE, PINE GROVE, PINE GROVE
TOWNSHIP, SCHUYLKILL COUNTY PA; RYAN J. REGEC; ALL UNKNOWN
OWNERS; FULTON BANK, N.A.

Ryan J. Regec,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:17-cv-00289)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 22, 2020
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: October 28, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Before the Court are consolidated appeals from appellant Ryan Regec, the defendant in a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 et seq., filed by appellee Transcontinental Gas Pipeline Company LLC (Transco). The underlying two orders of the District Court struck several of Regec's filings from the docket and imposed sanctions (C.A. No. 19-2738), and granted Transco's motion to vacate an arbitration award obtained by Regec (C.A. No. 19-3412), respectively. After consideration of the parties arguments on appeal, we conclude as follows: (1) We lack jurisdiction to review the interlocutory order at issue in C.A. No. 19-2738 because Regec did not appeal the District Court's entry of final judgment, and we will thus grant Transco's motion to dismiss that appeal; (2) We have jurisdiction under the Federal Arbitration Act (FAA) to review the order at issue in C.A. No. 19-3412 and, addressing the merits, will affirm the District Court's vacatur of the arbitration award; and (3) We lack jurisdiction to consider any other orders entered by the District Court.

## I. Background

In early 2017, Transco received authorization from the federal government to construct a natural gas pipeline. Building the pipeline required rights-of-way over several tracts of private property, including property owned by Regec.

There was opportunity to negotiate, without court intervention, how much money Regec should be paid for Transco's use of his property. But the parties could not agree on a price. From that disagreement was born this protracted litigation.

A.    The early stages:  Transco's suit, and Regec's torrential response.

Transco made the first moves, filing in the United States District Court for the Middle District of Pennsylvania a complaint in condemnation, a motion for partial summary judgment on the issue of its ability to condemn, and a motion for a preliminary injunction that would immediately grant Transco possession of the sought-after rights-of-way.  Over Regec's counseled opposition, Transco's motions were granted.  After an unsuccessful appeal by Regec,[1] action resumed in the District Court, with due compensation the only issue left on the table.

Regec, at this point litigating pro se, made the next fifty or so moves.  Initially, he filed in the District Court applications for relief that, in the main, questioned the premise of virtually every aspect of the proceedings.  By way of but a few examples, Regec argued that the presiding District Judge was not properly appointed, that Transco's attorneys lack contractual authority to prosecute the case on behalf of Transco, that discovery requests directed at Regec were improper as a rule, and that federal district courts in general are not valid tribunals.  Addressing what it characterized as Regec's "plethora of futile motions," the District Court concluded that all of the subject filings

---

[1] Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirmed the underlying order of the District Court in part—insofar as it granted preliminary injunctive relief. See Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 2.59 Acres, 709 F. App'x 109, 110 (3d Cir. 2017) (per curiam).  We dismissed Regec's appeal, in remaining part, for lack of appellate jurisdiction, reasoning that the District Court's order regarding condemnation authority was not immediately appealable as a final order because the issue of compensation owed to Regec had not yet been resolved. See id. at 111.

3

would be "summarily denied and/or stricken pursuant to Federal Rule of Civil Procedure 12(f)." Transco's Supplemental Appendix (SA) 233.[2]

A new crop of filings from Regec fared no better; the District Court denied or struck them all by orders entered in mid and late 2018. Regec then filed a document titled "Bond," in which he questioned the legitimacy of currently circulated money. He also filed three virtually identical letters, the stated purpose of each being both to confirm a purported settlement of the case between he and Transco, and to undo the District Court's condemnation order.

Transco moved to strike the foregoing four filings, and to recover costs and fees incurred in responding to them. The District Court granted the motion in full. It reasoned: "The Court . . . has until this point declined to sanction Mr. Regec for his irrelevant filings," but "[a]t this stage . . . the Court can only conclude that Mr. Regec is engaging in his docket conduct [] 'in bad faith, vexatiously . . . [and] for oppressive reasons.'" SA 394 (citation omitted). The District Court ordered Transco to provide a bill of costs/fees within 14 days, which it did.

B.     Regec is undeterred; new filings result in the order at issue in C.A. No. 19-2738.

Despite the imposition of sanctions, Regec continued with his filing fusillade. In response, the District Court entered an order on July 12, 2019, striking nineteen of

---

[2] Rule 12(f) permits district courts to "strike from a pleading" baseless defenses and scandalous allegations, among other things. The District Court struck thirteen of Regec's filings (ECF Nos. 51, 73, 86-87, 89, 96-100, 103, 108, 112).

4

Regec's then-recent filings. See SA 31.  Observing that Regec had filed various "inappropriate and largely incomprehensible documents" despite repeated warnings against doing so, SA 30, the District Court again ordered him to pay Transco's relevant fees and costs.  The District Court noted that Regec had failed to pay prior sanctions, and it warned him that unpaid sanctions would result in a reduction of any award of just compensation.[3]  Regec appealed the July 12, 2019 order, and the appeal was docketed at C.A. No. 19-2738.  Transco moved to dismiss the appeal for lack of appellate jurisdiction based on the absence, at that time, of final judgment entered by the District Court.

C.      Regec's arbitration gambit and the order at issue in C.A. No. 19-3412.

Although struck from the case, one of the nineteen filings related to the District Court's July 12, 2019 order took on a life of its own.  That entry (SA 733-37) included a copy of a "foreign final judgment via arbitration award" (the arbitration award) apparently issued by a Bakersfield, California organization called the "Healing My People Arbitration Association."[4]  The arbitration award, featuring both a style and legal philosophy strikingly similar to Regec's myriad filings in the District Court, describes an alleged breach by Transco of a 'contract' it entered into with Regec via "tacit acquiescence."  The arbitrator—Robert Presley, the self-described "Director" of the

---

[3] Regec's stated reason for not paying Transco's fees and costs had been that he was not sure what "specie" of payment was acceptable to Transco and the District Court.  He laments that his payment-form inquiry was "ignored." Regec. Br. 28.

[4] Information about this arbitration outfit previously could be obtained through its website, see http://hmpservices.org/.  As of this writing, however, that appears to no

Healing My People Arbitration Association—awarded Regec approximately fifty-five million dollars. Transco did not participate in the arbitration. Arbitrator Presley mailed a copy of the arbitration award, not to Transco's counsel of record in this case, but to Transco's office in Texas.

Although the filing containing the arbitration award was struck by the District Court, Regec nevertheless requested confirmation of the award under the FAA. See 9 U.S.C. § 9. Transco responded with a motion to vacate the award under § 10(a) of the FAA, claiming that the award is "null and void." SA 776. Transco also advanced a due process argument. Describing the arbitration dispute as "another chapter of this case's hefty tome of the irrelevant," SA 32, the District Court granted Transco's motion by order entered October 8, 2019. Regec's appeal of that order was docketed at C.A. No. 19-3412, and was eventually consolidated with C.A. No. 19-2738 for briefing and disposition.

While those appeals were pending, Regec's case went to trial and a finding was made as to compensation. The District Court ultimately entered an amended judgment in Regec's favor, for $76,723.20, and by separate order reduced that amount by $25,228.70 based on his aggregated unpaid sanctions. See SA 879-881. Regec did not file a notice of appeal relative to final judgment.

## II. The Extent of Our Jurisdiction

longer be the case.

The District Court exercised jurisdiction under 15 U.S.C. § 717f(h) and 28 U.S.C. § 1331. There is a dispute about whether the District Court properly exercised jurisdiction at all turns, which we will address later in the opinion. There is also a dispute over whether we have jurisdiction to hear the consolidated appeals and, if so, the breadth of that jurisdiction. Regardless of the parties' jurisdictional arguments, "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (citation omitted).

A.     We lack jurisdiction to review the District Court's July 12, 2019 order.

Jurisdiction under 28 U.S.C. § 1291 is limited to appeals from final decisions of the district courts. See Weber v. McGrogan, 939 F.3d 232, 236 (3d Cir. 2019). "A 'final decision' is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). At the time Regec filed his appeal of the July 12, 2019 order, litigation in the District Court was ongoing. Jurisdiction under § 1291 was lacking.[5]

Since then, however, the District Court has entered final judgment. In the order consolidating the two appeals, we asked the parties to address the effect of that development, insofar as our Cape May Greene doctrine[6] "permits the ripening of a notice

---

[5] The collateral order doctrine does not support a contrary conclusion, insofar as the District Court's July 12, 2019 order was not generative of an "important issue." Martin v. Brown, 63 F.3d 1252, 1259 (3d Cir. 2009).

[6] See generally Cape May Greene, Inc. v. Warren, 698 F.2d 179 (3d Cir. 1983).

of appeal from a decision that is <u>not</u> immediately appealable but that becomes appealable before we take action on the appeal." <u>Marshall v. Comm'r Pa. Dep't of Corr.</u>, 840 F.3d 92, 96 (3d Cir. 2016) (per curiam); <u>see also</u> <u>Lazy Oil Co. v. Witco Corp.</u>, 166 F.3d 581, 585 (3d Cir. 1999).

Transco argues that the <u>Cape May Greene</u> doctrine is inapplicable for reasons set forth in <u>ADAPT of Philadelphia v. Philadelphia Housing Authority</u>, 433 F.3d 353, 365 (3d Cir. 2006) (rejecting applicability of <u>Cape May Greene</u> and <u>Lazy Oil</u> "to discovery or similar interlocutory orders," and holding "that appeals from discovery orders do not qualify as premature appeals that may ripen upon entry of final judgment"). <u>See</u> Transco Br. 19-21.  Transco argues in the alternative that it will be unfairly prejudiced if we consider the appeal at C.A. No. 19-2738. <u>See</u> Transco. Br. 21; <u>cf.</u> <u>Khan v. Att'y Gen.</u>, 691 F.3d 488, 493 (3d Cir. 2012) (noting that <u>Cape May Greene</u> doctrine applies "where there is no showing of prejudice by the adverse party and we have not taken action on the merits of an appeal").  For his part, Regec posits that we can exercise jurisdiction to review the July 12, 2019 order (among others) under § 1292(a)(1) because it is "inextricably bound up" with the order granting Transco's motion for preliminary injunction that we reviewed back in 2017. <u>See</u> Regec. Br. 10 (citing <u>SEC v. Black</u>, 163 F.3d 188, 194 (3d Cir. 1998)).[7]

---

[7] Regec's reliance on <u>Black</u> is misplaced.  There, we held that we could immediately review under § 1292(a)(1) certain orders bearing on procedural aspects of a hearing that culminated in modification of a preliminary injunction, insofar as those orders were "part of" the appeal of the modification order. <u>Black</u>,163 F.3d at 194.  Here, by contrast, the

8

We agree with Transco's primary argument. The sanctions order here was purely interlocutory and could not ripen under Cape May Greene. See ADAPT, 433 F.3d at 365 (concluding that "whatever the continued viability of Lazy Oil may be, it cannot control interlocutory orders such as the discovery orders found here or the sanctions order of the nature found in [Lazorko v. Pa. Hosp., 237 F.3d 242 (3d Cir. 2000)]"); cf. FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co., 498 U.S. 269, 276 (1991) (characterizing a Rule 11 sanctions order as "clearly interlocutory"); Lazorko, 237 F.3d at 248 (same). We thus lack jurisdiction to review the July 12, 2019 order.[8] Accordingly, Transco's motion to dismiss the appeal at C.A. No. 19-2738 is granted.

B.      We have jurisdiction to review the District Court's October 8, 2019 order.

The District Court's October 8, 2019 order, like the July 12, 2019 order, issued before entry of final judgment. But we need not decide whether the Cape May Greene

---

District Court's July 12, 2019 order played no part in the process leading up to or effecting the District Court's much-earlier order granting Transco preliminary injunctive relief. Instead, the District Court's July 12, 2019 order was directed at Regec's contumacious litigation conduct. Jurisdiction under § 1292(a)(1) is thus lacking. Cf. In re Pressman-Gutman Co., 459 F.3d 383, 393 (3d Cir. 2006) ("Instead of being injunctive in character, the orders from which PGI appeals are better understood as being 'restraints or directions . . . concerning the conduct of parties or their counsel,' unrelated to the substantive relief sought. We have deemed orders of such character to fall outside of section 1292(a)(1).") (internal citation omitted).

[8] Even assuming, arguendo, that the July 12, 2019 order were potentially reviewable under the merger rule, see In re Westinghouse Sec. Litig., 90 F.3d 696, 706 (3d Cir. 1996) ("Under the 'merger rule,' prior interlocutory orders merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order."), that rule does not apply here because Regec did not appeal the District Court's final judgment.

doctrine permits review. The FAA provides grounds for immediate appeal distinct from principles of 'finality' under 28 U.S.C. § 1291. See Mountain Valley Prop., Inc. v. Applied Risk Servs., Inc., 863 F.3d 90, 93 (1st Cir. 2017). Certain of those grounds—codified in 9 U.S.C. § 16(a)(1)(E) and 16(a)(3)—are present here because the District Court adjudicated the parties' competing motions to enforce and vacate the arbitration award. Cf. Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86 (2000) ("Section 16(a)(3) . . . preserves immediate appeal of any 'final decision with respect to an arbitration,' regardless of whether the decision is favorable or hostile to arbitration."); V.I. Hous. Auth. v. Coastal Gen. Const. Servs. Corp., 27 F.3d 911, 913 (3d Cir. 1994) (observing that where a district court has "simply vacated" an arbitration award, its order doing so is "clearly appealable under subsection 16(a)(1)(E)"). We thus have jurisdiction under the FAA to review the District Court's October 8, 2019 order.

C.      We do not have jurisdiction to review any other orders as part of these appeals.

In Regec's opening brief, he identifies several orders from the District Court, entered after October 8, 2019, that he would like reviewed as part of these appeals. In particular, he references the District Court's December 4, 2019 order approving additional sanctions against Regec, its December 6, 2019 order striking Regec's motion to file an amicus brief, its December 11, 2019 judgment order, its December 20, 2019 order vacating the original judgment order and authorizing an amended judgment, and its

10

April 24, 2020 order marking the amended judgment satisfied. See Regec Br. 1.[9] At the same time, Regec concedes that the Court's "jurisdiction does not extend to the District Court's subsequent final judgment because the Cape May Greene doctrine does not permit an appeal to ripen into an appeal from an order entered after the notice of appeal was filed." Regec Br. 9 n.9 (citing Marshall, 840 F.3d at 96).

Regec's concession is well taken. He did not file a notice of appeal relative to any of the orders listed above, and the appeals at issue here were and remain incapable of performing that future work. See Marshall, 840 F.3d at 98 ("Even when the Cape May Greene doctrine permits the ripening of a premature appeal from a decision that is not yet appealable, it does so only to permit review of that decision once it becomes appealable. It does not permit review of subsequent rulings that were not (and could not have been) designated in the notice of appeal."). Critically, and as previously noted, Regec did not appeal the District Court's entry of final judgment. And the window in which to do so has been closed for months. See Fed. R. App. P. 4(a)(1). As a consequence, the merger rule is unavailable to Regec. We thus cannot review any orders—including those at issue in previously dismissed appeals, see, e.g., C.A. Nos. 18-2071 (Aug. 28, 2018 order dismissing appeal); 17-3521 (Feb. 16, 2018 order dismissing appeal)—other than the one entered on October 8, 2019.[10]

---

[9] Regec also avers that his appeal at C.A. No. 19-1345 is "still pending." Regec Br. 1. It is not. On August 21, 2019—long before Regec filed his opening brief—we granted Transco's motion to dismiss that appeal for lack of appellate jurisdiction.

## III. The Merits of the Appeal at C.A. No. 19-3412

A.  The District Court had jurisdiction to rule on Transco's motion to vacate.

The District Court determined that it possessed supplemental jurisdiction under 28 U.S.C. § 1367(a) to rule on Transco's motion to vacate. Subject to exceptions not relevant here, § 1367(a) provides that in original-jurisdiction actions "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The District Court reasoned that Transco's motion to vacate was covered by the foregoing statutory language because the subject arbitration award "directly relates to filings made in the course of this action, and thus to the action itself." We agree with the District Court's assessment. The contract purportedly giving rise to the arbitration award was, as conceded by Regec, formed as a result of litigation events in the condemnation action. The relationality required by § 1367(a) was unquestionably present.[11] Regec's jurisdictional challenge to the District Court's October 8, 2019 order thus fails.[12]

---

[10] Regec should not be surprised by this jurisdictional ruling. Indeed, we previously noted for his benefit that he could appeal an interlocutory order (there, the grant of partial summary judgment) "when the District Court issues its final order resolving all claims." Transcon., supra, 709 F. App'x at 111 n.1; cf. In re Regec, 711 F. App'x 117, 118 (3d Cir. 2018) (per curiam).

[11] Even if that conclusion were capable of producing a morsel of doubt, that morsel would be crushed under the weight of our statement in New Rock Asset Partners v. Preferred Entity Advancements,, 101 F.3d 1492, 1510 (3d Cir. 1996), that § 1367(a) must "be read broadly to retain jurisdiction in [a] case in which substantial judicial resources have produced a final decision on the merits."

B.      Transco used a proper method to serve its motion to vacate.

Transco is not a resident of California, where the arbitration was purportedly conducted. In such a scenario, the FAA states that service of a motion to confirm an arbitration award should be performed by "the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9. Regec did not do that; he served Transco at its office in Texas using "Certified Mail/Priority Mail." SA 736. Nevertheless, Regec later challenged Transco's motion to vacate on the ground that it was served on him via email and regular mail, rather than by the U.S. Marshal. Cf. 9 U.S.C. § 12 ("If the adverse party shall be a nonresident then the notice of the application [to vacate an arbitration award] shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.").

The District Court concluded that Regec's service-related challenge lacked merit, and it relied on Greenwich Insurance Co. v. Goff Group, Inc., 159 F. App'x 409 (3d Cir.

---

[12] The District Court possessed jurisdiction as well because, as framed by Regec, his motion to enforce—and, by extension, Transco's motion to vacate—was premised on an alleged breach of a contract between citizenship-diverse parties and an amount in controversy well in excess of $75,000. See 28 U.S.C. § 1332(a)(1); cf. Vaden v. Discover Bank, 556 U.S. 49, 66 (2009) ("[W]e read § 4 to convey that a party seeking to compel arbitration may gain a federal court's assistance only if, 'save for' the agreement, the entire, actual 'controversy between the parties,' as they have framed it, could be litigated in federal court."). The District Court rightly derived its subject matter jurisdiction in this case from the Natural Gas Act. That said, the prerequisites for diversity jurisdiction were present from the get-go. Cf. Grupo Dataflux v. Atlas Glob. Grp., LP, 541 U.S. 567, 571 (2004).

13

2005) (Roth, J.) to support that conclusion. <u>Greenwich</u> had in turn relied on <u>Smiga v. Dean Witter Reynolds, Inc.</u>, 766 F.2d 698, 707 (2d Cir. 1985), to hold that "[s]ervice of a motion to confirm the arbitration award by a U.S. Marshal is unnecessary where a party is already before the court." 159 F. App'x at 411. <u>Greenwich</u> also had pointed to the fact that the Federal Rules of Civil Procedure distinguish between service of a complaint and service of a subsequently filed pleading. <u>See</u> <u>id.</u>

We discern no error by the District Court. Service by the U.S. Marshal was not necessary under the circumstances presented here. <u>See</u> <u>Smiga</u>, 766 F.2d at 707.

C.      <u>Transco's motion to vacate was timely.</u>

Regec filed his § 9 motion to confirm the arbitration award on July 8, 2019. Under § 12 of the FAA, "[n]otice of a motion to vacate . . . an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Given our conclusion above that Transco was not required to avail itself of the U.S. Marshals Service to perfect service under § 12, the motion to vacate was timely based on Transco's service in September 2019. SA 777.

D.      <u>The District Court did not err in granting Transco's motion to vacate.</u>

The District Court granted Transco's motion to vacate the arbitration award based primarily on its conclusions that "the parties never agreed to arbitrate and so the arbitrator here had no jurisdiction," and that "Transco received no notice of the *ex parte* arbitration proceeding or opportunity to be heard, and . . . suffered prejudice as a result." SA 34, 36. The District Court also observed that this Court "has allowed courts to vacate an award if

14

it is in 'manifest disregard of the law.'" SA 33 (quoting <u>Sherrock Bros. v. DaimlerChrysler Motors Co., LLC</u>, 260 F. App'x 497, 499 (3d Cir. 2008)).[13] We interpret the District Court's conclusion that "the arbitrator here had no jurisdiction" as a ruling under FAA § 10(a)(4) that Arbitrator Presley "exceeded [his] powers" and, on that basis, we affirm the District Court's October 8, 2019 order.[14]

We first acknowledge that proving entitlement to relief under § 10(a)(4) will in the main be a terribly difficult task, for it is not enough to show that the arbitrator "committed an error—or even a serious error." <u>Oxford Health Plans LLC v. Sutter</u>, 569 U.S. 564, 569 (2013). Rather, it is "only if the arbitrator acts outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract—may a court overturn his determination." <u>Id.</u> (quotation marks, alterations omitted).

---

[13] It is an open question whether "manifest disregard" is a valid ground for vacating an arbitration award independent of § 10. <u>Cf.</u> <u>Hall Street Assoc., LLC v. Mattel, Inc.</u>, 552 U.S. 576, 585 (2008) (opining that "[m]aybe the term 'manifest disregard' was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them," and holding that "§§ 10 and 11 provide exclusive regimes for the review provided by [the FAA]"). <u>Hall Street</u> provided no clear answer, and a circuit split followed. We have "not yet weighed-in" on that split, <u>Whitehead v. Pulman Grp., LLC</u>, 811 F.3d 116, 120-21 (3d Cir. 2016), and, given our disposition here, it is unnecessary to do so today.

[14] Even if the District Court's ruling were not susceptible to interpretation as a ruling under § 10(a)(4), we could still, given our de novo review, <u>see</u> <u>Sutter v. Oxford Health Plans LLC</u>, 675 F.3d 215, 219 (3d Cir. 2012), <u>as amended</u> (Apr. 4, 2012), affirm on the basis of an independent, record-supported determination under § 10(a)(4), <u>see</u> <u>Williams v. Medley Opportunity Fund II, LP</u>, 965 F.3d 229, 236 n.5 (3d Cir. 2020).

15

Despite that exacting standard, it is easily satisfied here. That is so because there is no discernable agreement between the parties to arbitrate the dispute described by Regec. And without an arbitration agreement, Arbitrator Presley was without power to act. See Comprehensive Accounting Corp. v. Rudell, 760 F.2d 138, 140 (7th Cir. 1985) ("If there had been no arbitration clause, or if the Rudells had claimed that the clause was invalid and nevertheless the arbitrator had gone ahead and made an award against them, he might well (in the first case, clearly would) have exceeded his powers."); cf. Swanson v. Wilford, Geske, & Cook, DC Civ. No. 19-cv-00117, 2019 WL 4575826, at *7 (D. Minn. Aug. 30, 2019), report and recommendation adopted, 2019 WL 4573252 (Sept. 20, 2019) (vacating under FAA § 10(a)(4) an arbitration award issued by the Healing My People Arbitration Association on the basis that, "[a]bsent an agreement between the parties to be bound by arbitration, the arbiter necessarily 'exceeds [his] powers' because he lacks any power to bind the parties by arbitration").[15] To put it another way,

_____

[15] This is not the first and, it appears, not the last case in which a litigant has sought to enforce a purported arbitration award issued by the Healing My People Arbitration Association. See, e.g., Decormier v. Nationstar Servicers, LLC, DC Civ. No. 12-cv-00062, 2020 WL 5257737, at *2 (E.D. Cal. Sept. 3, 2020) (describing a related proceeding in which the plaintiff alleged that "Robert Presley and Healing my People[] operate a sham arbitration service that preys upon unsuspecting debtors by issuing fraudulent and false arbitration awards," that "[t]hese awards do not result from legitimate arbitrations where all the parties to the arbitration participate," and that "these awards are mere pieces of paper paid for by borrowers that have no legal effect"); Prince v. TD Bank, N.A., DC Civ. No. 1:20-cv-00660, ECF No. 4 at 2 (S.D.N.Y. Mar. 23, 2020) (directing plaintiff to show cause why his motion to confirm a Healing My People arbitration award should not be denied "because the Court lacks subject-matter jurisdiction to consider it, the defendants did not agree to arbitrate, and because the

16

"arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>Steelworkers v. Warrior & Gulf Nav. Co.</u>, 363 U.S. 574, 582 (1960).

Thus, for the reasons just outlined, we will affirm the October 8, 2019 order of the District Court granting Transco's motion to vacate the arbitration award.[16]

## IV.  In Conclusion

We close with an observation that, after this Court permitted Transco rights-of-way on the property owned by Regec, he would have been best served by striving for clarity in making a case for maximum compensation.  Instead, Regec opted for a strategy of maximum obscurity and obfuscation.  The fruits of that strategy include a judgment reduced substantially by sanctions, and a streak of unsuccessful appeals that continues today.  We commend the District Court on its able and patient sifting through Regec's numerous filings, the bulk of which consisted of nothing more than a patchwork of legal precepts that were not germane to the issues of the day.

\* \* \*

---

motion is frivolous"); <u>Orman v. Cent. Loan Admin. & Reporting</u>, DC Civ. No. 19-cv-04756, 2019 WL 6841741, at \*7 (D. Ariz. Dec. 16, 2019) (sanctioning plaintiff who sought to confirm a Healing My People arbitration award in which the "arbitrator, with zero analysis and zero input from Respondents, summarily awarded [the plaintiff] over $10 million, a figure that was not rooted in any factual or legal basis whatsoever").

[16] The District Court's imposition of sanctions against Regec, as part of the October 8, 2019 order, was an appropriate exercise of its inherent powers given Regec's vexatious conduct and repeated failure to satisfy sanctions awards. See <u>Alexander v. United States</u>,

17

In the appeal at C.A. No. 19-2738, we grant Transco's motion to dismiss for lack of jurisdiction. And in the appeal at C.A. No. 19-3412, we will affirm the order of the District Court. We conclude, moreover, that Transco's motion for reimbursement of costs incurred to prepare the supplemental appendix is well-founded given the gaps in Regec's own appendix and it is, therefore, granted. That said, we remind Transco that it may not recover costs for any documents included in its supplemental appendix which are duplicative of documents contained in the appendix prepared by Regec.

---

121 F.3d 312, 316 (7th Cir. 1997) ("Courts have inherent powers to protect themselves from vexatious litigation.") (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).