**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-9000
_____

JEROME MARSHALL,
Appellant

v.

COMMISSIONER PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; SUPERINTENDENT GREENE
SCI; DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA;
SECRETARY DEPARTMENT OF CORRECTIONS;
WILLIAM S. STICKMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-03-cv-03308)
District Judge: Honorable James Knoll Gardner
_____

Submitted By the Clerk for Possible
Dismissal Due to a Jurisdictional Defect
July 13, 2016

Before:  SMITH[*], HARDIMAN, and RESTREPO,
Circuit Judges

(Opinion filed: October 25, 2016)

Maureen C. Coggins, Esq.
523 West Linden Street
Allentown, PA 18101

Christian J. Hoey, Esq.
Rubino & Hoey
50 Darby Road
Paoli, PA 19301

Counsel for Appellant

Susan E. Affronti, Esq.
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA 19107

Counsel for Appellees
_____

OPINION OF THE COURT
_____

---

[*]Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit, assumed Chief Judge status on October 1, 2016.

PER CURIAM

Jerome Marshall is currently pursuing a petition for a writ of habeas corpus in the District Court. Marshall is represented by counsel, but he filed a motion to remove counsel and to proceed pro se. He later filed a notice of appeal challenging the District Court's purported denial of that motion. The District Court, however, had not yet entered or announced any decision on that motion. To the contrary, the District Court had expressly advised Marshall that it had <u>not</u> made a decision and would do so only later. Thus, when Marshall filed his notice of appeal, the District Court had not yet entered or announced any decision that could be brought before us for appellate review. The District Court later denied Marshall's motion.

The question presented by these circumstances is whether Marshall's notice of appeal has ripened now that the District Court has issued its decision. We conclude that it has not. Consequently, we will dismiss this appeal for lack of jurisdiction.

## I.    Background

Marshall was sentenced to death in Pennsylvania in 1984, and he has been pursuing a federal habeas petition since 2003. Marshall initially filed his petition through the Federal Community Defender. Many years later, however, Marshall became dissatisfied with the Community Defender's services and filed a motion for appointment of new counsel. The District Court granted that motion and appointed Christian Hoey and Maureen Coggins to represent Marshall.

3

Marshall soon became dissatisfied with their services as well, apparently because they would not withdraw the habeas petition filed by the Community Defender and assert different claims. Marshall eventually filed pro se a document titled "Petitioner's Pro Se Omnibus Motion." (ECF No. 102.) In that document, Marshall requested an order: (1) removing his new counsel; (2) striking the habeas petition and all other documents filed by the Community Defender; (3) allowing the filing of a new habeas petition "nunc pro tunc"; and (4) remanding for a new hearing "nunc pro tunc" in state court. It appears that Marshall sought to proceed pro se in order to dismiss all of his counseled claims and assert different claims that may be both procedurally defaulted and untimely (though we express no opinion on that issue).

By order entered April 1, 2015, the District Court scheduled a hearing on Marshall's request to remove counsel but dismissed Marshall's last three requests without prejudice because he remained represented by counsel at the time. (ECF No. 101.) Shortly thereafter, counsel filed a motion seeking a determination of Marshall's mental competence. Marshall responded with a supplemental motion to remove counsel. (ECF No. 113.) In light of these developments, two issues remained to be determined by the District Court—whether Marshall was mentally competent, and whether to [1]remove Hoey and Coggins as counsel and permit Marshall to proceed pro se.

The District Court held three hearings on these issues before Marshall ultimately consented to a psychiatric

4

evaluation. Dr. Francis Dattilio conducted the evaluation and issued a report opining that Marshall is not competent either to assist his counsel or to proceed pro se. The District Court then held a fourth hearing on February 17, 2016. At the hearing, Dr. Dattilio testified consistently with his report that Marshall is not competent. The District Court then took the issues of Marshall's competence and the removal of counsel under advisement. In doing so, the District Court made it very clear at the conclusion of the hearing that it had not yet decided those issues:

> There are two things that need to be decided . . . first, whether or not Mr. Marshall is competent and, if not, in what ways is he not competent. And then, second, whether or not I'm going to grant his request to discharge his current counsel. I will be deciding these matters sooner rather than later. I'm not going to make any rash promises about how soon is soon, but I'm talking weeks, not months or years. And when I do decide them, there will be a briefing schedule. . . .

(ECF No. 136; N.T. 2/17/16, at 73-74.) Marshall was present at the hearing.

Eight days later, however, and before the District Court had announced any decision, Marshall filed pro se the notice of appeal at issue here. (ECF No. 137.) The notice states in relevant part that Marshall "appeals . . . from the Order [of] . . . Judge James Knoll Gardner, on the date of February 18th, 2016, denying petitioner's motions to remove

5

counsel and denying petitioner's Sixth Amendment right to proceed pro-se. Petitioner seeks reversal of that order." (Id. at 1) (capitalization and punctuation standardized). In fact, there was no such order, and Marshall's reference to a February 18 order appears to be a reference to the February 17 hearing.

The District Court ultimately made its decision on these issues and, by order entered March 24, 2016, it found Marshall mentally incompetent to proceed pro se and denied his request for removal of counsel. (ECF No. 141.) Marshall's 30-day deadline to appeal that ruling expired on April 25, 2016 (April 23 being a Saturday). See Fed. R. App. P. 4(a)(1)(A). Neither Marshall nor his counsel filed anything with the District Court or this Court by that time, and Marshall himself has filed nothing since. After Marshall filed his notice of appeal, the Clerk notified the parties that this appeal would be considered for possible dismissal due to a jurisdictional defect and gave them an opportunity to respond. No party has filed a response.

## II. Analysis

"An appellate court lacks jurisdiction over an appeal that is untimely filed, including premature appeals." Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000). Marshall's notice of appeal was premature because, when he filed it, the District Court had not yet issued or announced its decision on his motion for removal of counsel. Thus, unless there is some basis to deem Marshall's notice of appeal to have ripened now that the District Court has ruled, we must dismiss this

6

appeal as "premature and void." <u>Lazy Oil Co. v. Witco Corp.</u>, 166 F.3d 581, 585 (3d Cir. 1999).

We conclude that there is no such basis and therefore will dismiss this appeal. There are two ways in which premature appeals can ripen in this Circuit—under Rule 4(a)(2) of the Federal Rules of Appellate Procedure, and under the doctrine based on <u>Cape May Greene, Inc. v. Warren</u>, 698 F.2d 179 (3d Cir. 1983). <u>See</u> <u>ADAPT of Phila. v. Phila. Hous. Auth.</u>, 433 F.3d 353, 364 (3d Cir. 2006). Neither applies in this situation. Even if their requirements were otherwise satisfied, neither permits the ripening of an appeal filed before the District Court announces the decision sought to be challenged.

### A.    Rule 4(a)(2)

Rule 4(a)(2) is the rule governing premature notices of appeal. The rule provides that "[a] notice of appeal filed <u>after the court announces a decision or order</u>—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2) (emphasis added). By its terms, this rule applies only when the District Court actually has announced some decision or order. <u>See</u> <u>United States v. Cooper</u>, 135 F.3d 960, 962 (5th Cir. 1998) (holding that Rule 4(a)(2) requires an actual District Court "decision" and does not permit the ripening of an appeal from a Magistrate Judge's recommendation);[2] <u>Williams v. Roberts</u>,

---

[2] While <u>Cooper</u> is consistent with our Rule 4(a)(2) jurisprudence in its recognition that only an actual District Court decision triggers the rule, <u>Cooper</u> is in some tension

7

116 F.3d 1126, 1127 n.3 (5th Cir. 1997) (per curiam) (holding that a pro se prisoner's appeal filed before the District Court announced its decision did not ripen under Rule 4(a)(2)).

Rule 4(a)(2) does not apply here because Marshall filed his notice of appeal before the District Court announced its decision. The District Court announced its decision only later, and "not even Rule 4(a)(2) can cause a notice of appeal that is filed before a ruling has even been announced to encompass the later-announced ruling." 16A Charles Alan Wright et al., Federal Practice and Procedure § 3950.5 (4th ed. 2008); see also DeJohn v. Temple Univ., 537 F.3d 301, 306, 307 n.3 (3d Cir. 2008) (holding that Rule 4(a)(2) did not permit challenge to the final judgment on an appeal from a prior interlocutory order).

Applying the rule in this situation also would not comport with its purpose. Rule 4(a)(2) is "intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment[.]" FirsTier Mortg., 498 U.S. at 276. The Rule does not apply when "[a] belief that . . . a decision is a final judgment would not be reasonable." Id. In this case, it was not reasonable for Marshall to conclude that the District Court announced a final decision because the District Court did not announce any decision at all. To the contrary, the

with our Cape May Greene jurisprudence. See Lazy Oil, 166 F.3d at 586-87. That tension exists because, unlike this court, the Fifth Circuit has concluded that FirsTier Mortgage abrogated its own version of the Cape May Greene doctrine. See id.

8

District Court expressly stated that it had <u>not</u> made a decision and would do so in the future.  Even making allowances for Marshall's pro se status, this situation does not present the kind of trap for the unwary that Rule 4(a)(2) was designed to prevent.

### B.      The <u>Cape May Greene</u> Doctrine

The <u>Cape May Greene</u> doctrine also does not apply in this situation.  Under that doctrine,

> where there is no showing of prejudice by the adverse party and we have not taken action on the merits of an appeal, a premature notice of appeal, filed after disposition of some of the claims before a district court, but before entry of final judgment, will ripen upon the court's disposal of the remaining claims.

<u>Khan v. Att'y Gen.</u>, 691 F.3d 488, 493 (3d Cir. 2012) (quoting <u>DL Res., Inc. v. FirstEnergy Sols. Corp.</u>, 506 F.3d 209, 215 (3d Cir. 2007)).  The doctrine ensures that "practical, not technical considerations" govern the determination of finality, <u>id.</u> (quoting <u>Cape May Greene</u>, 698 F.2d at 185), and it avoids "elevat[ing] a mere technicality above the important substantive issues" raised by an appeal, <u>id.</u> (quoting <u>Lazy Oil</u>, 166 F.3d at 587).

In <u>Cape May Greene</u>, the plaintiff appealed from an order entering summary judgment in favor of the last remaining defendant.  <u>See</u> <u>Cape May Greene</u>, 698 F.2d at 184.  The order was not final when the plaintiff filed its notice

9

of appeal because one defendant's cross-claim against another defendant remained pending. See id. We nevertheless exercised jurisdiction over the District Court's entry of summary judgment because the District Court later dismissed the cross-claim, and thus rendered final the order appealed from, before we took action on the appeal. See id. at 184-85.

The Cape May Greene doctrine is broader than Rule 4(a)(2) in one respect. See ADAPT of Phila., 433 F.3d at 363-64. Rule 4(a)(2) permits the ripening of a notice of appeal from a decision that is immediately appealable if the District Court has announced the decision but has not yet formally entered it. The Cape May Greene doctrine, by contrast, permits the ripening of a notice of appeal from a decision that is not immediately appealable but that becomes appealable before we take action on the appeal.

What both Rule 4(a)(2) and the Cape May Greene doctrine have in common, however, is that they permit the ripening only of appeals that are taken from actual District Court decisions. We appear never to have made that point explicitly, so we take the opportunity to do so now. In the absence of circumstances not presented here, the Cape May Greene doctrine does not permit the ripening of a notice of appeal filed before the District Court announces the decision sought to be challenged. Instead, we have applied the doctrine in civil actions only to permit the ripening of appeals from actual decisions, and we have done so only to entertain challenges to those decisions themselves and not to subsequent rulings made after the filing of the notice of appeal. See, e.g., DL Res., 506 F.3d at 214-16 (addressing order entering summary judgment on liability but not

10

damages); <u>Lazy Oil</u>, 166 F.3d at 585-87 (addressing order approving class settlement but not an allocation plan); <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 & n.5 (3d Cir. 1992) (addressing order dismissing complaint with leave to amend); <u>Presinzano v. Hoffman-La Roche, Inc.</u>, 726 F.2d 105, 108 (3d Cir. 1984) (addressing order entering partial summary judgment); <u>cf.</u> <u>ADAPT of Phila.</u>, 433 F.3d at 361-65 (declining to apply <u>Cape May Greene</u> to interlocutory discovery orders).[3]

---

[3] To the extent that our decision in the administrative context in <u>Khan</u> represents an exception to this principle, it is distinguishable. In that case, the petitioners filed their petition for review after a clerk with the Board of Immigration Appeals informed them on the day they were scheduled for removal that the Board would not consider their motion to reopen and emergency motion for a stay. <u>See</u> <u>Khan</u>, 691 F.3d at 492. The Board later denied their motion to reopen, and we permitted petitioners to challenge that ruling. <u>Id.</u> at 492-93. We did so by applying the <u>Cape May Greene</u> doctrine "to the circumstances presented in th[at] case." <u>Id.</u> at 494. Those specific circumstances are instructive. The petitioners in <u>Khan</u> initially sought review of a statement by the Board's clerk that they understandably interpreted as "an effective denial of their motion." <u>Id.</u> at 495. Then, after the Board denied their motion on the merits, petitioners filed with this Court a response in opposition to dismissal that we construed "as updating the petition for review into a challenge to" that later ruling. <u>Id.</u> at 494. Thus, <u>Khan</u> involved both (1) a petition for review from the

11

The distinguishable situation presented in <u>Khan</u> aside, we have located no authority permitting the ripening of a notice of appeal filed before the District Court has announced any decision at all. That is for good reason. Extending the <u>Cape May Greene</u> doctrine to this situation would permit a litigant to file a preemptive notice of appeal before the District Court makes or announces any decision and then proceed with the appeal if the decision later proves unfavorable. Other courts have declined to sanction that approach. As the Fifth Circuit has explained, "[s]ystemic interests in the conservation of judicial resources dictate that a party must not appeal an order simply because he believes it will be adverse. Only where the appealing party is fully certain of the court's disposition . . . will appeal be proper." <u>Cooper</u>, 135 F.3d at 963.

We likewise decline to sanction that approach in this case, for three reasons. First, the statute and rule governing

---

functional equivalent of an actual decision and (2) the functional equivalent of an amended petition for review filed after the decision that petitioners ultimately challenged. There was no functional equivalent of a decision in this case because the District Court expressly advised Marshall that it had <u>not</u> made a decision and would do so in the future. There also is no functional equivalent of an amended notice of appeal because Marshall did not file anything more after the District Court issued its decision. We further note that <u>Khan</u> was decided on administrative review and that appellate Rules 3 and 4, discussed later herein, did not apply to that proceeding. <u>See</u> Fed. R. App. P. 20.

12

the filing of the notice of appeal in this case require that it be filed "after" the judgment or order sought to be appealed. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Indeed, Rule 4 was amended in 1979 to make that point explicit. See Fed. R. App. P. 4(a)(1) advisory committee's notes to 1979 amendment. Applying the Cape May Greene doctrine in this situation would conflict with these provisions.

We have made that point in the criminal context, in which appellants similarly must file their notices of appeal "after" the judgment or order being appealed. Fed. R. App. P. 4(b)(1). We adopted the Cape May Greene doctrine in that context to permit premature appeals, filed after a conviction but before the final judgment of sentence, to ripen upon entry of the final judgment of sentence. See United States v. Hashagen, 816 F.2d 899, 905-06 (3d Cir. 1987) (en banc). In doing so, however, we recognized that the language of Rule 4(b) must render certain premature appeals "inoperative." Id. at 903. As we explained:

> There must be some limits to the circumstances in which a premature notice can be given effect; it hardly would do to permit a party to file a general notice of appeal at the start of the action as a precaution to ensure timely filing. . . . Indeed, the language of Rule 4(b) does not support the extreme prematurity of a general notice of appeal, for the rule requires the appeal to be filed after either a decision, a sentence, or an order.

13

Id. at 903-04 (emphasis added) (quotation marks and internal citation omitted). The same principle applies in this civil context. Marshall did not file a "general notice of appeal at the start of the action," but he filed his notice of appeal before the District Court announced its decision and after the District Court advised him that it had not made a decision at all.

Second, notices of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Applying the Cape May Greene doctrine here would conflict with this rule as well. Even when the Cape May Greene doctrine permits the ripening of a premature appeal from a decision that is not yet appealable, it does so only to permit review of that decision once it becomes appealable. It does not permit review of subsequent rulings that were not (and could not have been) designated in the notice of appeal. See Bonner v. Perry, 564 F.3d 424, 429-30 (6th Cir. 2009) (applying version of the Cape May Greene doctrine); B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1296 (10th Cir. 2008) (same); see also Gov't of the V.I. v. Leonard A., 922 F.2d 1141, 1146 n.6 (3d Cir. 1991) (rejecting appellant's "attempt[] to appeal from a determination and order made . . . after he filed the appeal" because "[t]hat issue could not possibly have been raised by the notice of appeal"). A District Court's subsequent ruling in this situation is not subject to review unless the appellant files another notice of appeal designating that ruling, and Marshall has filed nothing that could be construed as another notice of appeal in this case.

14

Finally, even if we were at liberty to apply the Cape May Greene doctrine in this situation,[4] we would decline to do so because applying it here would not be consistent with its purpose. As noted above, we apply the Cape May Greene doctrine to avoid "elevat[ing] a mere technicality above the important substantive issues" raised by an appeal. Lazy Oil, 166 F.3d at 587. In ADAPT of Philadelphia, we declined to apply the doctrine to permit the ripening of appeals from interlocutory discovery orders. See 433 F.3d at 364-65. We did so because applying the doctrine in that situation "would do more than overcome a mere technicality—it would invite the very piecemeal litigation discouraged by 28 U.S.C. § 1291." Id. at 364.

---

[4] We have based our application of the Cape May Greene doctrine in part on Rule 2 of the Federal Rules of Appellate Procedure. See Lazy Oil, 166 F.3d at 587. That rule permits us to suspend the requirements of certain other rules "to ensure that justice is not denied on the basis of a mere technicality." Id. As we have recognized, however, "Rule 2 cannot be utilized to expand the jurisdiction of the Court." Id. at 587 n.9. Giving effect to a notice of appeal filed before the District Court even announces the decision sought to be challenged arguably would do just that. See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 237 (3d Cir. 2005) ("A court may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2."). We need not decide that issue, however, because we would decline to assert jurisdiction under the Cape May Greene doctrine even if we had the authority to do so.

15

There is even less of a basis to apply the <u>Cape May Greene</u> doctrine when an appellant appeals before the District Court has announced a decision at all. Doing so would erode our "[s]ystemic interests in the conservation of judicial resources" by encouraging litigants to file preemptive appeals to challenge future rulings that may or may not prove unfavorable to them. <u>Cooper</u>, 135 F.3d at 963. The District Court ultimately denied Marshall's motion in this case, but there was no basis for Marshall to file his notice of appeal when he did. The District Court had not announced any decision at that time and instead had expressly advised Marshall that it would make its decision in the future. Thus, Marshall filed his appeal before there was anything that he could bring before us for appellate review, prematurely or otherwise. Marshall also knew or should have known as much. Under these circumstances, the prematurity of Marshall's notice of appeal cannot be characterized as a mere technicality.[5]

We have described the <u>Cape May Greene</u> doctrine as taking an "expansive view of appellate jurisdiction," and it is one that not all Courts of Appeals share. <u>ADAPT of Phila.</u>,

---

[5] Although Marshall's notice of appeal brings nothing before us in our appellate capacity, we could construe it as a petition for a writ of mandamus seeking a ruling on his motion. <u>See</u> <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir. 1998). There is no reason to do so because Marshall did not complain of any delay in ruling on his motion and, even if he did, that issue would have become moot once the District Court ruled.

16

433 F.3d at 362. However expansive the doctrine may be, it does not permit the ripening of an appeal filed before the District Court makes or announces the decision sought to be challenged. Cf. Hashagen, 816 F.2d 899 at 903-06. Because the District Court had not yet announced its decision when Marshall filed his notice of appeal in this case, the Cape May Greene doctrine does not permit Marshall's notice to ripen into an appeal from the District Court's subsequent decision. And because Marshall did not file another notice of appeal after the District Court announced that decision, we lack jurisdiction to review it.

### III.    Conclusion

For these reasons, we will dismiss this appeal. We express no opinion on whether the District Court's order denying Marshall's motion to remove counsel remains subject to challenge on appeal from the District Court's final judgment.

17