**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1560
_____

NAFISAH WILLIAMS

v.

ADVANCED URGENT CARE OF CITY LINE LLC

*Mehdi Nikparvar,
Advanced Urgent Care of City Line LLC,
Appellants

*(Pursuant to Fed. R. App. P. 12(a))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-06347)
District Judge: Honorable Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2018

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*

(Filed: August 3, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

Litigants may not flout our rules and then seek our protection. Though business owners might like to represent their companies, for nearly two centuries corporations have had to hire lawyers to represent them in federal court. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). The District Court gave Advanced Urgent Care many chances to obey this rule, but Advanced repeatedly refused to do so. After months of extending the deadlines to hire a lawyer, the District Court entered a default judgment against Advanced. Still, Advanced's owner, Dr. Mehdi Nikparvar, tried to appeal, even though he is not a lawyer. Because Advanced did not properly file a timely notice of appeal, we will dismiss.

**I.**

After an evidentiary hearing, the District Court made the following findings of fact: Nikparvar flagrantly discriminated against black patients and employees, including Nafisah Williams, his medical assistant. He required that doctors and nurses see all white patients before any black ones. Once, Williams sent a black patient for treatment ahead of a white one. When Nikparvar discovered this "violation," he threatened to fire her if she did not follow his whites-first policy. Eventually, he did fire her. When she asked why, he told her that she was "nothing but a n****r just wasting his time." *Williams v. Advanced Urgent Care*, No. 14-6347, 2016 WL 4478810, at *4 (E.D. Pa. Aug. 25, 2016). So she sued Advanced for race discrimination, a hostile work environment, and wrongful termination.

About a year later, Advanced's lawyer moved to withdraw from the case. The District Court granted the motion and gave Advanced thirty days to hire counsel. Then, at Advanced's request, it gave Advanced forty-five more days. And then, of its own accord, the

2

court gave Advanced another twenty days. The court also warned Advanced that, if it did not hire counsel, the court would enter default judgment. Even so, no lawyer entered an appearance.

Eventually, Williams moved for default judgment. A week later, Donald Moser entered an appearance as counsel for Advanced. The court again gave Advanced extra time, twice extending the deadline to respond to Williams's motion for default judgment. But Advanced never responded. So the court entered default judgment and held a damages hearing. Neither Nikparvar nor a lawyer appeared for Advanced. The District Court awarded Williams damages, including punitive damages for Nikparvar's "egregious and outrageous" racial "animus." *Williams*, 2016 WL 4478810, at *6.

Four months later, Advanced moved to vacate the default judgment. On February 9, 2017, the District Court denied the motion, largely because Advanced "continued to ignore the Orders of the Court and notice of the subsequent court proceedings." *Williams v. Advanced Urgent Care*, No. 14-6347, 2017 WL 528314, at *5 (E.D. Pa. Feb. 9, 2017). Twenty-nine days later, on March 10, Nikparvar filed a notice of appeal, ostensibly on his own behalf as well as for Advanced.

Before Nikparvar filed his notice of appeal, he moved to reconsider the denial of Advanced's motion to vacate and in his reply brief quoted the Rule of Civil Procedure governing intervention. But Nikparvar cannot act as Advanced's lawyer. So the District Court charitably construed his reply as a motion to intervene and denied both the motion to reconsider and the motion to intervene on April 11.

3

Finally, on April 28, a lawyer for Advanced filed an "amended" notice of appeal from all the default judgment orders, the denial of Advanced's motion to vacate, and the denial of Nikparvar's motions to intervene and reconsider.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's refusal to vacate a default judgment for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

## II.

Advanced did not timely appeal any of the orders it has standing to appeal. And Nikparvar did not appeal the only order he has standing to appeal. So we will dismiss.

First, Advanced did not perfect its appeal. The "amended" notice of appeal was filed well beyond the mandatory thirty-day deadline for appealing all but one of the orders. Fed. R. App. P. 4(a)(1)(A). Advanced's only timely appeal is from the April 11 order. But Advanced's rights are unaffected by the denial of Nikparvar's motions to intervene and to reconsider. So it lacks standing to appeal that order. *See IPSCO Steel (Ala.), Inc. v. Blaine Const. Corp.*, 371 F.3d 150, 154 (3d Cir. 2004).

Second, Nikparvar's notice of appeal is timely but a nullity. He cannot act as Advanced's lawyer. He knows that: The District Court told him so in person. *Williams*, 2016 WL 4478810, at *2. And then it repeatedly reminded him that it would enter default if no lawyer entered an appearance for Advanced. *Williams*, 2017 WL 528314, at *1-2.

The procedural defect in Nikparvar's notice of appeal is not jurisdictional. *See Becker v. Montgomery*, 532 U.S. 757, 765 (2001). But we have discretion to dismiss for failure to

4

follow procedural rules. *See* Fed. R. App. P. 3(a)(2) (providing that failure to comply with procedural rules allows the court to act "as it considers appropriate, including dismissing the appeal"). We will dismiss the appeal because, by filing without an attorney, Nikparvar persisted in his pattern of ignoring procedural rules. *Cf. Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 101 (3d Cir. 2015) (holding that forfeiture of an argument was "appropriate" where party failed to provide a transcript either out of "a remarkable lack of diligence" or "an intent to deceive this Court").

Even if we chose to reach the merits, we would hold that the District Court did not abuse its discretion by declining to vacate the default judgment. Advanced obstinately refused to get a lawyer or defend this suit. It disregarded repeated warnings that a corporation may not appear pro se. The District Court gave "considerable weight" to this "culpable conduct." *Williams*, 2017 WL 528314, at \*6. We see no abuse of discretion in the District Court's balancing of the factors for vacating a default judgment. *See Budget Blinds*, 536 F.3d at 256-57.

Finally, Nikparvar never appealed the denial of his motions to reconsider and to intervene. We cannot construe his notice of appeal as appealing a decision that had yet to be announced. *See Marshall v. Comm'r Pa. Dep't of Corr.*, 840 F.3d 92, 97 (3d Cir. 2016) (per curiam). And the "amended" notice of appeal was filed only for Advanced. So we will also dismiss Nikparvar's "appeal."

We commend the District Court's patience. It gave Advanced plenty of chances to get a lawyer and defend this suit. But Advanced has used up its second, third, fourth, and fifth chances. We will dismiss this appeal.