DLD-116                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1614
_____

LYNN Z. SMITH,
                                        Appellant

v.

ANDREA DOBIN, Esq.; ELI HALTOVSKY; FIVE STAR
SERVICES LLC; HONORABLE ANNE E. THOMPSON;
HONORABLE MICHAEL B. KAPLAN; JOHN DOE 1; JOHN DOE 2;
JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6;
JOHN DOE 7; JOHN DOE 8; JOHN DOE 9; JOHN DOE 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-18-cv-17515)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 23, 2021)
_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Lynn Z. Smith appeals from the order of the District Court dismissing her complaint. We will affirm.

## I.

Smith is the debtor in an ongoing Chapter 7 bankruptcy proceeding during which the Bankruptcy Judge authorized the sale of her house pursuant to a judgment of foreclosure. The sale was consummated on November 1, 2018. Smith's unsuccessful efforts to avoid the sale—which did not include an available appeal of the Bankruptcy Court's order authorizing it—are described in In re Smith, 757 F. App'x 77 (3d Cir. 2018) (affirming Bankruptcy Court order converting Smith's bankruptcy proceeding from Chapter 13 to Chapter 7). Smith also has filed with the District Court at least six other bankruptcy appeals and three civil actions implicating her bankruptcies.

This appeal concerns one of those civil actions. In this case, which Smith filed 11 days after our decision in In re Smith, Smith filed a complaint pro se alleging in wholly conclusory fashion that the sale of her house resulted from a "fraudulent bid-rigging scheme." As defendants, Smith named her Chapter 7 Trustee, the Bankruptcy Judge, a District Judge who presided over her bankruptcy appeals and one of her related civil actions, the individual who purchased her former house at the bankruptcy auction (Eli Haltovsky), and a company allegedly hired by Haltovsky to perform "demolition" work on the property (Five Star Services LLC). For relief, Smith requested the return of her

2

former house in its original condition as well as millions of dollars in damages.

The District Court, acting on motions to dismiss filed by three of the four categories of defendants, dismissed Smith's complaint as follows. First, the District Court dismissed Smith's claims against the Trustee pursuant to the <u>Barton</u> doctrine because Smith did not obtain the Bankruptcy Court's permission before seeking resolution of those claims in a different court. <u>See</u> <u>In re VistaCare Grp., LLC</u>, 678 F.3d 218, 224-28 (3d Cir. 2012) (discussing <u>Barton v. Barbour</u>, 104 U.S. 126 (1881)). Second, the District Court held that Smith's claims against Haltovsky are barred by claim preclusion because the Bankruptcy Court, in its sale-authorization order, already has adjudicated Haltovsky a good-faith purchaser for purposes of 11 U.S.C. § 363(m). Third, the District Court dismissed Smith's claims against the judicial defendants and Five Star without prejudice for inadequate service of process. The District Court also noted that Smith's complaint suffered from other deficiencies, including its failure to state any plausible claim to relief and the fact that her claims against the judicial defendants likely are barred by judicial immunity. Smith appeals.

II.

In addition to filing this appeal, Smith also filed a motion for reconsideration with the District Court. The District Court docketed that motion about a month and a half after Smith filed this appeal and about three months after its order of dismissal. As docketed, Smith's motion for reconsideration did not suspend this appeal under Fed. R.

3

App. P. 4(a)(4).  The District Court later denied that motion on October 14, 2020.  Smith

claims that the District Court committed "fraud" by failing to docket the motion sooner,

but we lack jurisdiction to review the District Court's handling of that motion because

Smith did not file another notice of appeal after the District Court denied the motion and

her time to do so has expired.[1]  Thus, the only order before us for review is the District

Court's order of dismissal.  We have jurisdiction over that order under 28 U.S.C. § 1291.[2]

### III.

We will affirm.  Smith has filed over 20 documents in support of this appeal,

including two responses and a letter purporting to supplement the record after we advised

her that we would consider taking summary action.  Smith, however, has not

---

[1] Smith has raised complaints about the District Court's handling of her motion for reconsideration in documents that she filed with this Court both before and after the District Court denied the motion.  The documents that she filed before the District Court's ruling cannot serve as notice of appeal from that ruling.  See Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 94-95 (3d Cir. 2016) (per curiam).  In the documents that she filed after the District Court's ruling, Smith does not indicate any intent to appeal (which she knows how to do) and instead asserts merely that the District Court's alleged fraud constitutes a ground to add the District Judge as a defendant.  Thus, we decline to construe any of these documents as a notice of appeal.  And because Smith could have filed a notice of appeal from the denial of reconsideration but did not, we also decline to treat any of her filings as a petition for a writ of mandamus.  See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017) (noting that "mandamus must not be used as a mere substitute for appeal") (quotation marks omitted).

[2] Although the District Court dismissed certain of Smith's claims without prejudice for insufficient service of process, the District Court did not permit Smith to cure that defect and instead twice directed its Clerk to close the case.  Thus, the District Court's order is final for purposes of § 1291 because the District Court dismissed the entire action and the case is over as far as the District Court is concerned.  Cf. Doe v. Hesketh, 828 F.3d 159,

4

meaningfully challenged the District Court's order of dismissal. Indeed, Smith has not even mentioned the grounds on which the District Court dismissed her complaint, let alone raised anything suggesting that those grounds present a substantial question.

Nevertheless, we will affirm the District Court's order of dismissal on the following grounds. First, we will affirm the District Court's ruling that it lacked subject-matter jurisdiction over Smith's claims against the Trustee under the Barton doctrine. See In re VistaCare Grp., 678 F.3d at 224-28. We add, as did the District Court, that Smith was well aware of the Barton doctrine because the District Court previously applied it in dismissing Smith's claims against the Trustee in one of her other bankruptcy-related actions. (D.N.J. Civ. No. 1-18-cv-11483, ECF No. 15.) Smith did not appeal that ruling.

Second, we will affirm the District Court's ruling that Smith's claims against Haltovsky are barred by claim preclusion, and we conclude that Smith also failed to state a claim on which relief can be granted. Smith unsuccessfully challenged Haltovsky's purchase of her former house in the Bankruptcy Court, which adjudicated Haltovsky a good-faith purchaser for purposes of 11 U.S.C. § 363(m). Smith either litigated or could have litigated her allegations of fraud regarding Haltovsky in that proceeding. See In re Pursuit Capital Mgmt., LLC, 874 F.3d 124, 135-36 (3d Cir. 2017) (explaining that "good faith" for purposes of § 363(m) requires, inter alia, the absence of fraud or collusion);

---

165-66 (3d Cir. 2016).

5

CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194-95 (3d Cir. 1999) (describing claim-preclusive effect of Bankruptcy Court orders).[3] To be sure, Smith's allegations of fraud against Haltovsky (like those against the other defendants) are wholly conclusory. Thus, to the extent that Smith's allegations may be too deficient to permit a determination whether she litigated or could have litigated them in her bankruptcy, those allegations fail to state a plausible claim to relief, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and amendment of her complaint is not warranted.[4]

Third, we will affirm the dismissal of Smith's claims against the judicial defendants on the ground that those claims are barred by judicial immunity. Smith alleges that the judicial defendants, through their rulings, either sanctioned or failed to

---

[3] Among Smith's few factual allegations (which she asserts in several of her filings but not her actual complaint) is the allegation that Haltovsky told her husband in August 2017 that "I am the only person who can buy your property." If that alleged statement called into question the validity of the sale to Haltovsky as Smith claims, then she could have raised it in the Bankruptcy Court before that court approved the sale almost a year later on July 25, 2018.

[4] Smith has had adequate notice and opportunity to address this issue. Haltovsky argued in the alternative below, and the District Court suggested, that Smith failed to state a plausible claim to relief. Smith filed at least two responses on that issue in which she insisted that Haltovsky already had adequate notice of her claims. (E.g., ECF No. 19 at 11-12.). Smith also has filed numerous documents in support of her claims in both the District Court and this Court, all of which we have reviewed, some of which promise to provide an amended complaint or evidence that never proves forthcoming, and none of which suggests that Smith has any plausible claim against Haltovsky, let alone any claim that she could not have raised in the Bankruptcy Court. Thus, to the extent that Smith may have attempted to assert a claim against Haltovsky that would not have been barred by claim preclusion, we conclude both that she failed to state a claim and that amendment would be futile.

6

correct the other parties' alleged fraud. It is apparent that Smith bases this claim solely on the judicial defendants' judicial rulings, which were not made "in the clear absence of all jurisdiction." Capogrosso v. N.J. Sup. Ct., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quotation marks omitted). Indeed, Smith alleged in her complaint that the judicial defendants' alleged misconduct "can be proved entirely from the court records." (ECF No. 1 at 7 ⁋ 14.) Thus, her claims against the judicial defendants fall squarely within the bounds of judicial immunity. See Capogrosso, 588 F.3d at 184.

Finally, we will affirm the dismissal of Smith's claims against Five Star on the ground that she failed to state a plausible claim to relief. Smith's claims against Five Star are derivative of her claims against Haltovsky because she alleges only that Five Star, working with Haltovsky, performed work on and removed property from her former house, which Haltovsky bought at auction. Smith has not stated any claim against Haltovsky as explained above, so she has not stated and has no basis for a claim against Five Star either.

### III.

For these reasons, we will affirm the judgment of the District Court. Smith's motions are denied.

7