**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2172
_____

JOHN BIANCHI,
                              Appellant

v.

B & G MACHINE, INC, a Washington Corporation,
dba H-E Parts International Engine Solutions

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1:18-cv-01492)
Magistrate Judge:  Honorable Sherry R. Fallon (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: February 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Bianchi was president and part owner of B & G Machine, Inc. (B & G), a machine shop in Washington State. Attendant to the sale of Bianchi's interest in B & G to Delaware-incorporated H-E Parts International (H-E Parts), an agreement was struck for Bianchi to serve as president for three additional years. Before that term ended, Bianchi agreed to have his role shifted to "technical advisor," with his son assuming the position of president. Roughly three years later, Bianchi's employment was terminated. He was 73 years old at the time.

Raising claims of discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and state law, Bianchi filed suit against B & G in state court in Washington. B & G removed the matter to the local federal court, then succeeded in having the action transferred to the United States District Court for the District of Delaware. The parties consented to adjudication of dispositive motions by the Magistrate Judge (hereinafter, the District Court), who granted B & G's motion for summary judgment.

This pro se appeal by Bianchi followed. We have appellate jurisdiction under 28 U.S.C. § 1291. See Fed. R. App. P. 4(a)(2); Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 95 (3d Cir. 2016) (per curiam). We review an order granting summary judgment de novo, applying the same standard as was used by the District Court. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

The ADEA prohibits an employer from grounding an adverse employment decision (e.g., termination, demotion, refusal to hire) in an individual's age. See 29 U.S.C. § 623(a)(1).[1] Age must be more than a "motivating factor," though: an ADEA plaintiff must instead "prove that age was the 'but-for' cause of the employer's adverse decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 174, 176 (2009).

The burden-shifting framework of McDonell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to ADEA claims based on circumstantial evidence, see Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015); see also Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009). Under McDonnell Douglas, the initial phase of the framework—the prima facie case—is established in ADEA litigation by combined showings that the plaintiff: (1) "is at least forty years old"; (2) "suffered an adverse employment decision"; (3) "was qualified for the position in question"; and (4) "was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." Id.

Through counsel, Bianchi conceded in the District Court that he could not make a prima facie showing regarding the fourth prong of the test, i.e., that he was "replaced by another employee." Id. That concession was the natural byproduct of Bianchi's

---

[1] Bianchi in his counseled summary-judgment opposition unequivocally conceded that his claim under Washington law was not viable. Bianchi has come to regret that concession, see Br. 13, but he is bound by it, see Oscanyan v. Arms Co., 103 U.S. 261, 263 (1880); Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 198 (3d Cir. 2019). The issue is forfeited regardless because Bianchi has not in his opening brief made a meaningful attempt to explain how his state-law claim could have survived summary judgment. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

deposition, during which he repeatedly and alternatively testified that he had not, or did not know whether he had, been replaced. See, e.g., Appellee's Supp. App'x Vol. II (SA) at 183-84, 188-89, 297.[2]

Now on appeal, Bianchi contends that he satisfied McDonnell Douglas "with or without the fourth prong"—a contention that ignores the requisite nature of each part of the test—while stating in the next breath that McDonnell Douglas "may . . . be the wrong law" to apply insofar as he relies on *direct* evidence of age discrimination. Br. 17. Even assuming, despite the foregoing, both that Bianchi (1) raises an argument that he satisfies McDonnell Douglas, and (2) could overcome his concession below, but see Oscanyan, 103 U.S. at 263; Wolfington, 935 F.3d at 198, the argument readily collapses under pressure from the same evidence that sparked counsel's concession in the first place.

We turn next to Bianchi's argument about direct evidence of age discrimination, which elides the McDonnell Douglas test. See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985). It has been observed that direct proof of discrimination (in litigation) is rare. See Geraci v. Moody-Tottrup, Int'l, Inc., 82 F.3d 578, 581 (3d Cir. 1996). But Bianchi says he has it, pointing to documented expressions of H-E Parts's desire for: "new blood"; "long term leadership at B & G" to have "some runway behind them when we sell the company"; and "succession planning." See, e.g., SA at 97, 122, 241; see also SA at 126  (Jan. 31, 2018 email conveying Bianchi's termination, that his

---

[2] We have considered documents in Bianchi's late-filed supplemental appendix to the extent that the documents are not duplicative of those in B & G's supplemental appendix.

4

"history and reputation cast a large shadow[,] and [that] the business needs for [new management] to gain their footing.").[3]

We reject Bianchi's assessment. The H-E Parts communications—notably, all temporally remote from Bianchi's termination—at best were ambiguous as to the significance of Bianchi's age and, as a result, do not constitute direct evidence of discrimination. See, e.g., Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 75 (1st Cir. 2011) ("[New blood] is a profoundly ambiguous remark that is much too innocuous to transform routine managerial decisions into something more invidious.") (internal quotation marks omitted); Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 513 (3d Cir. 2004) (concluding that employer's inquiry about plaintiff's "retirement plans" "was not direct evidence of age discrimination and could just as easily be explained by a desire on [the employer's] part to do some long-term planning"); cf. Allen v. Diebold, Inc., 33 F.3d 674, 677 (6th Cir. 1994) ("The ADEA was not intended to protect older workers from the often harsh economic realities of common business decisions and the hardships associated with corporate reorganizations, downsizing, plant closings and relocations.").

When viewed in the context of the summary judgment record as a whole, the aforementioned communications simply reflect that B & G's gradual ties-cutting had to do with corporate restructuring and Bianchi's stature and years at the company, not his

---

[3] Insofar as specific direct-evidence arguments raised in Bianchi's opening brief, see, e.g., Br. 26-27, were not presented to the District Court during summary judgment proceedings, and insofar as no exceptional circumstances warranting sua sponte consideration are apparent, we do not address the merits of those arguments for the first time on appeal. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).

years on Earth. <u>Cf.</u> <u>Hazen Paper CO. v. Biggins</u>, 507 U.S. 604, 611 (1993) ("Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age based.'"). We thus agree with the District Court that Bianchi failed to present a genuine issue of material fact that would preclude summary judgment.

Accordingly, we will affirm the judgment entered in B & G's favor. Bianchi's motion for leave to file a supplemental appendix is granted.