**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2260
_____

MICHAEL HILLMAN,
                                    Appellant

v.

BOROUGH OF COLLINGDALE; AQUA PENNSYLVANIA, INC.; PECO ENERGY
EXELON; ERIC KEMP; PENNSYLVANIA PUBLIC UTILITIES COMMISSION;
SHERLOW & ASSOCIATES INC.; SARGENTS COURT REPORTING SERVICES
INC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2:21-cv-04462)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
On March 7, 2023
Before:  SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed:   March 8, 2023)

_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Michael Hillman appeals the District Court's dismissal of the majority of the claims in his complaint in favor of defendants. For the reasons that follow, we will affirm the District Court's decision.

Hillman's claims stem from the way the utilities were metered in an apartment that he leased in Collingdale, Pennsylvania. Hillman has alleged that other units and common spaces in his rental unit were connected to his utility service, forcing him to pay for utility costs that were not his responsibility. In 2019, Hillman notified his electricity provider, PECO Energy Company ("PECO"), about this issue. Hillman was unsatisfied with the resolution and stopped paying his PECO bills.

In 2020, Hillman sought relief before the Pennsylvania Public Utility Commission ("PUC") — a regulatory body that supervises public utilities and adjudicates disputes over utility service. After multiple hearings, his complaint was dismissed; Hillman did not appeal. Rather, Hillman initiated a lawsuit in the Philadelphia Court of Common Pleas against Collingdale Borough, Aqua Pennsylvania, Inc., PECO, Eric Kemp, the PUC, Strehlow & Associates, Inc., and Sargent's Court Reporting Services, Inc. The Court of Common Pleas dismissed the case with prejudice and entered a filing injunction prohibiting

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Hillman from refiling his claims against these defendants.

Hillman responded by filing a federal complaint against the same defendants from his Court of Common Pleas case, repeating his claims in that prior action. Hillman also included references to 42 U.S.C. § 1983 and § 1985, contending that his federal constitutional rights were violated during the course of this utility dispute because the defendants conspired against him. After the District Court dismissed the majority of his claims and entered another filing injunction against him, Hillman appealed. The District Court subsequently entered a final order adjudicating his remaining claims against the PUC. Hillman did not appeal from that final decision.[1]

The District Court appropriately concluded that Hillman's vague, conclusory

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as Hillman's notice of appeal ripened after the District Court entered its final order. See Fed. R. Civ. P. 54(b); Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983). However, the scope of this appeal is limited to any decisions made by the District Court before Hillman filed his notice of appeal; he has not appealed from the final decision in this case. See Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 98 (3d Cir. 2016) (explaining that the Cape May Greene doctrine "does not permit review of subsequent rulings that were not (and could not have been) designated in the notice of appeal"). We exercise plenary review over the District Court's dismissal of Hillman's claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In our review, we consider Hillman's complaint, any "document integral to or explicitly relied upon" in framing the complaint, see Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation and emphasis omitted), and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," see Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). We note that Hillman has forfeited a challenge to the District Court's entry of a filing injunction against him, as he did not raise that issue in his appellate brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). Additionally, we do not consider new theories of liability or arguments raised for the first time on appeal, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013), or "arguments raised for the first time in a reply brief," see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

allegations failed to present a basis for subject matter jurisdiction over his claims. See

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are

courts of limited jurisdiction."). It is apparent that Hillman's allegations do not form any

basis for federal question jurisdiction. Hillman's passing references to § 1983 do not aid

him, as he makes no factual allegations that could conceivably suggest that his federal

constitutional rights were violated in a conspiracy by these defendants.[2] See 28 U.S.C.

§ 1331. Further, there is no basis for diversity jurisdiction, as Hillman's filings indicate

that all parties are citizens of Pennsylvania. See 28 U.S.C. § 1332(a)(1); Mennen Co. v.

Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is

lacking if any plaintiff and any defendant are citizens of the same state."). As the District

Court explained, Hillman may not repackage his allegations as federal claims in an attempt

to relitigate issues that have already been addressed by the PUC or the Court of Common

Pleas.[3]

Hillman was given an opportunity to amend his complaint prior to the District

Court's dismissal. Under these circumstances, particularly where Hillman has not clarified

his allegations in his appellate filings, granting further leave to amend would have been

futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] Hillman's citations to 42 U.S.C. § 1985(3) are even more tenuous, as he has not explained why he relies on this provision; his complaint included no allegations of race- or class-based discriminatory animus underlying any of the incidents he has described. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

[3] Hillman also argues in his brief that the District Court never ruled on motions for injunctive relief that he filed. However, the District Court denied these motions on June 1, 2022.

4

For these reasons, we will affirm the District Court's decision.[4]

---

[4] Hillman's motion for leave to file multiple reply briefs is granted and his remaining motions are denied.