NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 12-2540 & 12-2541
_____

SAM HARGROVE; ANDRE HALL; MARCO EUSEBIO,
individually and on behalf of all others similarly situated,
Appellants No. 12-2540

v.

SLEEPY'S LLC,
Cross-Appellant in No. 12-2541

v.

I STEALTH, LLC; EUSEBIO'S TRUCKING CORP;
CURVA TRUCKING, LLC

_____

On Appeal from the United States District Court
for the District of New Jersey

(D. N.J. No. 3-10-cv-01138)
District Judge:  Honorable Peter G. Sheridan

ARGUED on April 23, 2013

BEFORE:  JORDAN, SLOVITER, and NYGAARD, *Circuit Judge*[*]

(Filed: May 12, 2015)

_____

[*] Judge Sloviter assumed senior status on June 21, 2013.

Anthony L. Marchetti, Jr., Esq. [Argued]
900 North Kings Highway
Cherry Hill, NJ 08034
        *Counsel for Appellants/Cross-Appellees*

Kimberly J. Gost, Esq.
Matthew J. Hank, Esq. [Argued]
Holly E. Rich, Esq.
Littler Mendelson
1601 Cherry Street
Suite 1400, Three Parkway
Philadelphia, PA  19102

Theo E.M. Gould, Esq.
Littler Mendelson
900 Third Avenue, 8th Floor
New York, NY 10022
        *Counsel for Appellee/Cross-Appellant*

Harold L. Lichten, Esq. [Argued]
Shannon Liss-Riordan, Esq.
Lichten & Liss-Riordan
729 Boylston Street, Suite 2000
Boston, MA 02116
        *Counsel for Amicus-Appellant*

_____

OPINION[**]
_____

PER CURIAM.

I.

Sleepy's, LLC is a New York-based mattress and bedding concern with six

distribution centers, including one in Robbinsville, New Jersey.  Sleepy's contracts with

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

individuals and delivery companies (collectively, "deliverers") to provide delivery services to its customers. Each deliverer enters into a substantially similar contract with Sleepy's, known as an Independent Driver Agreement ("IDA"). These IDAs state that the deliverers are "independent contractors" and that they are "not employees of Sleepy's." App. at 127.

Appellants Marco Eusebio, Andre Hall, and Sam Hargrove each entered into an IDA with Sleepy's, either on behalf of business entities they controlled or on behalf of themselves. Eusebio created Eusebio's Trucking Corp. ("ETC") in September of 2003 and was listed as its president. ETC entered into two separate IDAs with Sleepy's, one in 2003 and one in 2005. Eusebio also helped create and partially owned Curva Trucking, LLC, which entered into an IDA with Sleepy's in 2008. Andrew Hall entered into an IDA with Sleepy's in 2005. Sam Hargrove formed I Stealth, LLC ("Stealth") in 2005 as a trucking firm. Stealth entered into an IDA with Sleepy's in 2008.

In 2010, Eusebio, Hall and Hargrove filed a complaint in the United States District Court for the District of New Jersey on behalf of a putative class alleging that Sleepy's misclassified them as independent contractors rather than employees and thus denied them protections and benefits under, *inter alia*, the Employee Retirement and Income Security Act, the Family Medical Leave Act, and the New Jersey Wage Payment Law. Specifically, the Appellants alleged that Sleepy's withheld and diverted money from their wages in violation of New Jersey's Wage Payment Law. They additionally alleged that they were not paid overtime for their work, a claim that would also arise under the New Jersey Wage and Hour Law.

3

After the parties filed cross-motions for summary judgment, the District Court entered an order granting Sleepy's motion for summary judgment and denying the Appellants' cross-motion. The District Court applied the "right to control" test set forth by the United States Supreme Court in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992) and held that the Appellants were independent contractors and not employees. Thus, the District Court concluded, all of Appellants' claims failed. The Appellants appealed to this Court and the National Employment Law Project joined the appeal as amicus counsel on Appellants' behalf.

## II.

We heard oral argument in April of 2013 and quickly recognized that neither the New Jersey Supreme Court nor any other New Jersey appellate court had ever determined which employment test applies to claims that arise under New Jersey's Wage Payment and Wage and Hour Laws. Therefore, we petitioned the New Jersey Supreme Court to accept certification of this question of the applicable New Jersey law.[1] We certified the following question: "Under New Jersey law, which test should a court apply to determine a plaintiff's employment status for purposes of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, et seq., and the New Jersey Wage and Hour Law,

---

[1] Our Court's Local Rule 110.1, "Certification of Questions of State Law," provides: "When the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, *sua sponte* or on motion of a party, may certify such a question to the state court in accordance with the procedures of that court, and will stay the case in this court to await the state court's decision whether to accept the question certified. The certification will be made after the briefs are filed in this court. A motion for certification shall be included in the moving party's brief."

4

N.J.S.A. § 34:11-56a, et seq.?" Thereafter, the New Jersey Supreme Court accepted

certification of our petition and rendered its decision on January 15, 2015.[2]

In a unanimous decision, the New Jersey Supreme Court held that the same test

should be used to determine the nature of an employment relationship under both the

New Jersey Wage Payment Law and the New Jersey Wage and Hour Law, and that the

standard adopted by the New Jersey Department of Labor, the "ABC" test, would be used

to make employment status determinations under both laws. *Hargrove v. Sleepy's, LLC*,

220 N.J. 289 (2015). The "ABC" test presumes an individual is an employee unless the

employer can make certain showings regarding the individual employed, including:

> (A) Such individual has been and will continue to be free
> from control or direction over the performance of such
> service, both under his contract of service and in fact; and
>
> (B) Such service is either outside the usual course of the
> business for which such service is performed, or that such
> service is performed outside of all the places of business of
> the enterprise for which such service is performed; and
>
> (C) Such individual is customarily engaged in an
> independently established trade, occupation, profession or
> business.

*Id.* at 305. The New Jersey Supreme Court noted that the inability to meet any one of

these three criteria results in a finding that the individual is an employee. *Id*. This,

therefore, is the appropriate test for determining, under New Jersey law, whether a

---

[2] After receiving the decision of the New Jersey Supreme Court, we asked the parties to undertake another round of mediation, which took several months. Ultimately, the mediation failed.

particular party is an employee or an independent contractor for purposes of the New Jersey Wage Payment Law and/or the New Jersey Wage and Hour Law. Applying the principle first articulated in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)—that federal courts are required to apply state substantive law to diversity actions—federal courts in this Circuit must now apply the decision of the New Jersey Supreme Court in *Hargrove* to these questions.

Here, the District Court's rationale for denying Appellants' motion for summary judgment was, as previously noted, based on *Darden,* and it did not consider the possible application of the "ABC" test or any others. Therefore, we will vacate the grant of summary judgment and remand this matter to the District Court for it to apply, in the first instance, New Jersey law to the question whether the Appellants are employees or independent contractors.

## IV.

In sum, we will vacate the District Court's grant of summary judgment to Sleepy's and remand this matter for further proceedings consistent with this opinion. Because we will vacate the award of summary judgment, we will also dismiss Sleepy's cross-appeal at case number 12-2541 as moot. Finally, we will deny the Sleepy's request for additional briefing in this Court in a separate order.