**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1752
_____

ANTHONY K. BAILEY,
                          Appellant

v.

THE MILLENIUM GROUP OF DELAWARE; NRG ENERGY, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-01188)
Chief District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2022

Before: RESTREPO, PHIPPS and COWEN[1], Circuit Judges

(Opinion filed: August 30, 2022)
_____

OPINION[*]
_____

---

[1] The Honorable Robert J. Cowen participated in the decision in this case.  Judge Cowen assumed inactive status on April 1, 2022 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Anthony Bailey appeals pro se from the District Court's order dismissing his complaint for failure to state a claim. For the reasons below, we will affirm in part, vacate in part, and remand to the District Court for further consideration.

I.

Bailey was hired in 2014 by the Millennium Group of Delaware ("Millennium") to work as a Stock Associate at a facility owned by NRG Energy, Inc. ("NRG") in Princeton, New Jersey. In March 2017, he was fired for a purported breach of security after he opened a locked door and allowed access to an individual who had herself been fired earlier that day. Bailey brought this action against Millennium and NRG in 2018, alleging that he had in fact been terminated because he is African American, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"). NRG moved to dismiss the claims against it, arguing that Bailey had not established that they had an employment relationship, because he was an employee of Millennium contracted to NRG. The District Court granted this motion and dismissed the claims against NRG without prejudice.

Bailey then filed a document that he styled as an amended complaint, but which, as the District Court noted, was structured more like a brief—attacking the defendants' prior motion to dismiss and adding little more than conclusory allegations that he had an employment relationship with NRG. The amended complaint also added allegations that NRG violated 42 U.S.C. § 1981, which prohibits racial discrimination by contracting

2

parties, and the New Jersey Wage Theft Act. NRG again moved to dismiss Bailey's claims, and the District Court again dismissed without prejudice. Rather than amend a second time, Bailey filed a motion for reconsideration, which the District Court denied. Bailey now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See Marshall v. Comm'r Pa. Dep't of Corr., 840 F.3d 92, 96 (3d Cir. 2016) (holding that, under Cape May Greene v. Warren, 698 F.2d 179, 184–85 (3d Cir. 1983), and its progeny, a premature notice of appeal may ripen "from a decision that is not immediately appealable but that becomes appealable before we take action on the appeal"); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (holding plaintiff expressed intent to stand on her complaint by immediately filing an appeal after dismissal and arguing her factual allegations were sufficient to state a claim). We review the District Court's grant of a motion to dismiss de novo.[2] Newark Cab Ass'n. v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). In doing so, we accept the factual allegations in Bailey's complaint as true and construe those facts in the light most favorable to him. See id. "To survive a motion to dismiss, a complaint

---

[2] Despite NRG's argument to the contrary, see Appellee Br. 23–24, our review encompasses both the order denying Bailey's timely motion for reconsideration and the underlying order, see McAlister v. Sentry Ins. Co., 958 F.2d 550, 552–53 (3d Cir. 1992) ("[A]n appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review."); cf. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007) (holding that the "technical inadequacy" of citing only an order denying reconsideration in a notice of appeal "does not in itself deprive us of jurisdiction over the appeal from the underlying order"). Also, to the extent NRG asks that we strike Bailey's opening brief as untimely, we decline to do so.

must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

III.

A.    Discrimination Claims

A plaintiff alleging employment discrimination under Title VII or NJLAD must demonstrate that an employment relationship existed with the defendant. See Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013); Pukowsky v. Caruso, 711 A.2d 398, 403 (N.J. Super. Ct. App. Div. 1998). Here, the District Court dismissed Bailey's claims against NRG for failing to sufficiently plead such a relationship between them. We decline to affirm on these grounds.

The standard for determining whether a defendant is an employer for purposes of the anti-discrimination laws embraces the concept of joint employment. See Covington, 710 F. 3d at 119–20; Graves v. Lowery, 117 F.3d 723, 727–29 (3d Cir. 1997) (citing NLRB v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117, 1122–23 (3d Cir. 1982)). Whether Bailey was employed by Millennium as well as NRG for these purposes turns on a number of factors, including NRG's level of control over Bailey's work and which entity was responsible for his firing. See Covington, 710 F.3d at 119 (citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992)). Under this standard, "the precise contours

4

of an employment relationship can only be established by a careful factual inquiry," Graves, 117 F.3d at 729, and thus "may generally require resolution at the summary judgment stage, rather than at the motion to dismiss stage," Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 768 n.5 (3d Cir.), cert. denied, 571 U.S. 954 (2013).

Nonetheless, as NRG argued before the District Court and does again here, Bailey's complaint still did not state a claim for relief under Title VII or the NJLAD because he did not allege facts sufficient to support a finding that his termination was motivated by racial discrimination. Although the prima facie elements of a discrimination claim are "flexible and must be tailored to fit the specific context," Sarullo v. U.S. Postal Service, 352 F.3d 789, 797–98 (3d Cir.2003) (per curiam), the plaintiff must generally plead facts that "raise[] an inference of discrimination," Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002) (citations omitted). "The central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." Sarullo, 352 F.3d at 798 (internal quotation marks and citation omitted).

Piecing together Bailey's factual allegations from the collection of documents that make up his original and amended complaints, at no point does he raise an inference of racial discrimination. Despite his lengthy statements about the nature and history of race relations in society at large, he never alleges that any specific individual took any discriminatory action against him. Instead, he claims that he was fired for an act that other people routinely performed without repercussions: opening a door that requires

5

individual key-card access for someone else.[3] He offered nothing more than his own speculation that his firing was motivated by racial discrimination and pleaded no facts to support any inference that it was. See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim"); Sarullo, 352 F.3d at 798 (plaintiff in racial discrimination claim must "establish some causal nexus between his membership in a protected class and" the adverse action).

Accordingly, we will affirm the District Court's dismissal of Bailey's claims against NRG under Title VII and the NJLAD.

## B.      Section 1981

In his amended complaint, Bailey also alleged that NRG violated 42 U.S.C. § 1981. See  Am. Compl. 18–20, ECF No. 41. To state a claim under section 1981, a plaintiff must allege facts supporting: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated by the statute, which includes the

---

[3] For example, in response to an EEOC prompt about which persons similarly situated to him were treated better, he listed his African American supervisor and five Caucasian men with executive or managerial titles, claiming they all regularly opened this same door for others. See ECF No. 1-1 at 14–15. But his list comprises a person who belongs to the same protected class but was not discriminated against and people who are not similarly situated to him in terms of authority. Moreover, he failed to allege that these individuals granted access to the door in similar circumstances to his, that is, opening the door for people who were no longer employees.

6

right to make and enforce contracts." <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001) (cleaned up). Yet, even assuming arguendo that could meet the first two prongs, the only contract Bailey referenced was the one between Millennium and NRG, as the District Court noted. <u>See</u> Order 8, ECF No. 51 (citing <u>Brown v. J. Kaz, Inc.</u>, 581 F.3d 175, 181 (3d Cir. 2009) (explaining that a plaintiff can bring a Section 1981 cause of action "against the entity with which she contracted.")). We will affirm the District Court's dismissal of this claim.

C.  New Jersey Wage Theft Act

Finally, Bailey alleged that NRG violated the New Jersey Wage Theft Act. <u>See</u> Am. Compl. 15, 21. He explained that while at NRG, he worked "routinely as a substitute receptionist, for a minimum of 3-5 hours per week . . . for over 24 months[, and] was never paid or compensated for this employment" by either Millennium or NRG. <u>Id.</u> at 21; <u>see also</u> ECF No. 1-1 at 24 (noting to EEOC that Bailey "would routinely/periodically be assigned to relieve the front desk receptionist). He included in his amended complaint a job posting from another NRG facility for an administrative assistant that he claimed was an "approximation" of "the position . . . which [he] routinely performed, most times on a daily basis, for years." Am. Compl. 9.

The New Jersey Wage Theft Act passed in 2019, <u>see</u> 2019 N.J. Sess. Law Serv. 212 (West), and amended two distinct but related statutes: the Wage and Hour Law ("WHL"), <u>see</u> N.J. Stat. Ann. § 34:11-4.1 et seq.; and the Wage Payment Law ("WPL"), <u>see</u> § 34:11-56a et seq. The District Court construed Bailey's claim as arising under the

7

WHL only and determined that it must fail "for the same reasons as his discrimination claims, as Plaintiff has not alleged the existence of an employment relationship between himself and NRG." Order 8, ECF No. 51. While the District Court correctly noted the necessity of pleading an employment relationship under these statutes, see, e.g., N.J. Stat. Ann. § 34:11-4.1 ("'Employee' means any person suffered or permitted to work by an employer, except that independent contractors and subcontractors shall not be considered employees."), this cursory analysis was erroneous.

Not long ago, we petitioned the Supreme Court of New Jersey to certify the following question: "Under New Jersey law, which test should a court apply to determine a plaintiff's employment status for purposes of the [WPL] and [WHL]?" Hargrove v. Sleepy's LLC, 612 F. App'x 116, 118 (3d Cir. 2015) (per curiam). There, the District Court had used the Darden factors to evaluate the employment relationship at issue, and on appeal, we sought clarification as to whether that was correct. See id. at 117–18. The Supreme Court of New Jersey rejected the Darden framework and concluded that the proper test under the WPL and WHL is the so-called "ABC Test" that the New Jersey Department of Labor has long used, and that it was not coextensive with the tests under Title VII and the NJLAD. Hargrove v. Sleepy's, LLC, 106 A.3d 449, 465 & n.2 (N.J. 2015). Following that decision, we remanded to the District Court to conduct the proper analysis in the first instance. See Hargrove, 612 F. App'x at 118–19.

We will follow the same course here. The District Court's dismissal of Bailey's discrimination claims for failure to establish an employment relationship with NRG was

8

based on an interpretation of the <u>Darden</u> factors. The dismissal of his claim for unpaid wages was, in turn, based on that same analysis. Since the Supreme Court of New Jersey has spoken on this issue at our request, and in so doing has noted that the ABC Test "presumes that the claimant is an employee and imposes the burden to prove otherwise on the employer," <u>see</u> <u>Hargrove</u>, 106 A.3d at 464, we cannot say that the failure to apply that test here was harmless error.

Accordingly, we will vacate the District Court's dismissal of this claim and remand for further consideration in accordance with this opinion.